## JONES *et al. vs.* KEER & HOPE.

1. If a party act as the agent of another, and not as an attorney at law, his testimony is not objectionable; and if he be made a co-defendant to a bill with his principal, and die, the evidence given in by him on a former trial at law, between the same parties, and concerning the same subject matter, may be testified to.

2. If a plaintiff in a *fi. fa.* take a new note for his judgment debt, with security, undertaking to deliver the original execution to the securities for their indemnity, and fail to do it, and who, in consequence thereof, lose the money, they are entitled to their discharge.

In Equity, in Gilmer Superior Court. Tried before Judge RICE, at December Term, 1859.

This was a bill filed by Samuel Jones and William Cox, administrators of Jonathan Cox, deceased, against Kerr & Hope, to enjoin an action at law, and for discovery.

The bill alleges, substantially, that Jones and Jonathan Cox were induced to become the sureties of one A. J. Williams on a promissory note payable to Kerr & Hope, which note was given in lieu, or payment of a *fi. fa.* held by Kerr & Hope against said Williams, and was signed by said Jones and Cox, as his securities, under the agreement and upon the condition that said *fi. fa.* should be assigned by said Kerr & Hope, to them. That this matter was negotiated, and arrangement made, with one Beverly A. Freeman, Esq., the attorney of Kerr & Hope. The bill further states, that

Kerr & Hope have failed and refused to assign said *fi. fa.* agreeably to their contract, and are prosecuting their action at law against complainants and Williams on said note ; that on the trial of the action at law, on the appeal, complainants offered said Freeman as a witness to prove the terms and circumstances upon and under which said note was signed, and defendants objected to this testimony upon the ground that Freeman was their attorney at the time, and acquired his knowledge of the facts proposed to be proved by him while he was their attorney, and which objection the Court sustained, and refused his testimony, and the case was continued. The bill further alleges that complainants cannot establish their defense at law, without a discovery from defendants, and call for the letters that they received from Freeman relating to this matter, and they pray that in the meantime the action at law be enjoined.

The cause was heard upon the bill, answer and proofs.

Upon the trial complainants proposed to prove what Freeman testified to upon the trial of the common law action. (It was admitted that Freeman had died since.) Counsel for defendants objected, and the Court sustained the objection and repelled the testimony, and complainants excepted.

The Court, amongst other things, charged the jury that if the note was given to secure the debt due by Williams to Kerr and Hope, on the *fi. fa.*, and Jones and Cox were his securities, then William's debt was the consideration of the note, and the securities had no interest in the consideration thereof; and if there was an agreement that the *fi. fas.* should be handed over or transferred to Jones and Cox, that agreement was no part of the consideration of the note, and their failure to transfer the *fi. fa.* will not authorize the jury to find for the complainants. To which charge counsel for complainants excepted.

The jury found and decreed for the defendants, whereupon counsel for complainants tender their bill of exceptions, assigning as error the foregoing ruling and charge.

WM. MARTIN, represented by EZZARD, for plaintiffs in error.

No counsel appeared for defendants in error.

Jones *et al.*, *vs.* Keer & Hope.

*By the Court*—LUMPKIN, J., delivering the opinion.

Freeman acted in this transaction as the agent, not as the attorney at law, of Kerr & Hope. His testimony, therefore, given on the common law trial, was legal, and would have been admissible, had it been objected to; as it was not his answer to the bill, if in life, as a co-defendant could not be excluded, and could be used against his principal. Being dead, his original answers are to be received as the sworn statements of a competent witness—perhaps more than this, of one of the parties to the contract with the complainants.

As to the charge of the Court, that the indebtedness of Williams was the consideration for the new note, and not the undertaking of the agent of the payee, to cause the *fi. fa.* to be transferred to the securities to the new note, we understand the law to be this: If the creditor neglects to perform or performs defectively any of the conditions, either express or implied, which are incumbent upon him, or any of the terms which collectively form the consideration of the security's contract, or of the contract to which the security acceded, the surety is discharged, or rather his liability never attached. *Theobold on Principal and Surety*, 103. *Burge on Suretyship*, 115.

But for the promise to deliver the execution against Williams, to the sureties to indemnify them against loss, the presumption is, they would not have consented to be bound. If the creditor failed to do this, are they not discharged?