J. A. FAY & CO. (A CORPORATION) v. JAMES JENKS & CO. (A CORPORATION).

[See *post*, —.]

*Corporations—Contract—Breach—Assignment for benefit of creditors—Allowing claims—Effect of prior proceedings to collect.*

1. Where, after a general assignment for the benefit of its creditors by a Michigan corporation, a non-resident creditor, with knowledge of such assignment, attaches property of the debtor in another state, and afterwards files its claim for allowance under the assignment, the value of said attached property should be ascertained and applied in reduction of the claimant's demand.

---

2. A corporation made a general assignment for the benefit of its creditors. Its indebtedness to its principal creditor was evidenced by its notes, one of which was indorsed by its stockholders. After the assignment, suit was brought upon this note against the maker and indorsers, and the defendants appeared and under their plea of the general issue claimed to recoup damages growing out of the failure of the plaintiff to furnish to the corporation defendant goods to be sold on commission, as provided in a contract between said parties. The creditor (a corporation) also filed its *entire* claim for allowance under the assignment, and before a hearing discontinued the suit on the note, as to the corporation defendant, and proceeded to judgment against the indorsers. When the claim came on for hearing under the assignment, objection was made to proof of the note, and it was claimed that the amount of the judgment should be deducted from the amount of the claim as presented. And it is held that the controversy over the effect of such discontinuance and judgment could not affect the allowance of said claim, and can only be satisfied in the suit on the note.

Error to Wayne. (Brevoort, J.) Argued November 13, 1889. Decided December 28, 1889.

Claim against estate of insolvent. Assignee brings error. Reversed. The facts are stated in the opinion.

*Bowen, Douglas & Whiting* and *George W. Radford,* for appellant, contended:

1. The signatures of the corporation and of the indorsers to the $12,000 note were all affixed at the same sitting, and before the delivery of the note to the payee, and all of the signers must be held to be joint makers, and the discontinuance as to the corporation and proceeding to judgment against the indorsers operated in law as a merger of the note, which cannot be considered in this proceeding, and plaintiff's claim should be reduced by the amount of said judgment; citing *Candee v. Clark,* 2 Mich. 255; *Bonesteel v. Todd,* 9 Id. 371; *Winslow v. Herrick,* Id. 380; *Yawkey v. Richardson,* Id. 529; *Ballou v. Hill,* 23 Id. 60; *Evers v. Sager,* 28 Id. 47; *Anderson v. Robinson,* 38 Id. 407; *Munn v. Haynes,* 46 Id. 140; *Cross v. Eaton,* 48 Id. 184; *Post v. Shafer,* 63 Id. 85.

2. The plaintiff had no right to discontinue as against James Jenks & Co. after the plea of set-off, and notice of recoupment; citing Act No. 123, Laws of 1885.

*Moore & Canfield* and *William H. Wells,* for complainant, contended:

1. The doctrine of merger to which defendant appeals is applicable where one holding a joint demand prosecutes to judgment an action against less than all. The debt against all is merged in the judgment against a part. But where one institutes a proceeding on a joint debt, against all who are jointly indebted, and discontinues as to a part, the discontinuance operates as to the *entire* action; citing *Anderson v. Robinson,* 38 Mich. 407.

2. The question cannot be raised under the pleadings. The action is in form one at common law, and the plea is the general issue with notice of recoupment. The assignment was made November 19, 1887, and the proof of debt was filed in due course thereafter. The action at law was commenced November· 3, 1888. If the pendency of the action at law was relied on it should have been pleaded in abatement. If there had been a former recovery, which in fact there was not, it should have been pleaded in bar; citing *Briggs v. Milburn,* 40 Mich. 512.

LONG, J. On November 19, 1887, the defendant, a corporation under the laws of this State, and doing business in the city of Detroit, made a general assignment for the benefit of its creditors to Samuel T. Douglas. The indebtedness of the corporation at the time amounted to $32,288.30, and the claimant in this case is the principal creditor; its claim, as filed with the clerk of Wayne county, amounting on November 19, 1887, to the sum of $25,854.32. At the request of certain of the creditors, the assignee contests this claim. The case came on for trial in the Wayne circuit court before a jury, who, under the direction of the court, rendered a verdict in favor of the claimant of $28,591.08, being the amount claimed and interest. Appeal is taken by the assignee.

The stockholders of James Jenks & Co., at the time of the assignment, were James Jenks, holding 598 shares; Frederic W. Swift, holding 600 shares; George A. Jenks, holding 198 shares; and Henry C. Hart, holding four shares. James Jenks & Co. had, as a corporation, been

engaged in business in Detroit for a number of years, selling wood-working machinery and manufacturing brass goods, but for several years the company was mainly engaged in selling machinery of J. A. Fay & Co. On April 1, 1884, Frederic W. Swift became a stockholder in the company, and put into the business $15,000. At that time the company was indebted to J. A. Fay & Co. in the sum of $13,000 or $14,000, and the amount of the capital stock was nominally $40,000. Col. Swift was made its treasurer, and continued to hold that position in the company up to about March 1, 1886, when he resigned his position. At this time the indebtedness to J. A. Fay & Co. had increased, and then amounted to about $22,000.

Some time just prior to October 19, 1886, Mr. Doane, president of J. A. Fay & Co., a corporation, and Mr. Lyon, its secretary, visited Detroit, and investigated the condition of affairs of James Jenks & Co.; and on October 19, 1886, the following agreement was entered into in writing between the two corporations:

"This agreement made this 19th day of October, A. D. 1886, by and between J. A. Fay & Co., a corporation organized and doing business under the laws of the state of Ohio, at the city of Cincinnati, in said state, party of the first part, and James Jenks & Co., a corporation doing business under the laws of the State of Michigan, at Detroit, Michigan, party of the second part, witnesseth.

"That whereas, the said corporation James Jenks & Co. is now indebted to J. A. Fay & Co. in the sum of $23,086.21, represented by the notes of said James Jenks & Co., as follows:

Note dated July 10, 1886, due Nov. 13, 1886_____$ 1,686 48
Note dated Aug. 10, 1886, due Dec. 13, 1886_____ 3,344 51
Note dated Sep. 10, 1886, due Jan. 13, 1887_____ 3,238 68
Note dated Oct. 19, 1886, due Feb. 22, 1887_____ 2,816 54

Note dated Oct. 19, 1886, due on or before two
years from date, interest 6 per cent., with priv-
ilege of making payments at any time, indorsed
by James Jenks, George A. Jenks, and Fred-
eric W. Swift_____ 12,000 00
                                                _____
  . Total_____$23,086 21

"It is therefore hereby agreed by and between the
parties hereto, that said J. A. Fay & Co. hereby appoint
said James Jenks & Co. sole agent for the exclusive sale
of said J. A. Fay & Co.'s machinery in the State of
Michigan, and that said J. A. Fay & Co. shall supply,
on consignment, machinery to said James Jenks & Co.,
as the latter may require the same for sale in its busi-
ness, which said machinery shall be properly insured by
said James Jenks & Co. for the benefit of said J.
A. Fay & Co. Said James Jenks & Co. is to report
on the tenth of each month the sales for the previous
month, and give its notes, due in four months, bearing
date with said report, for the amount of such monthly
sales, without interest; and in case said James Jenks &
Co. shall at any time desire a renewal of any of said
notes, or of the four notes first mentioned herein, said
James Jenks & Co. may renew the same for the period
of four months, with six per cent. interest, by giving
thereon the indorsements of said James Jenks, George A.
Jenks, and Frederic W. Swift, who are the stockholders
of said James Jenks & Co. A second renewal of any
note shall only be allowed by special arrangement with
said Fay & Co.; and it is further agreed that, in case of
failure to pay any renewed note at maturity, said J. A.
Fay & Co. shall have the option to declare all indebted-
ness of said James Jenks & Co. to it due and payable
forthwith, including said note for $12,000.00, and also to
declare said agency at an end.

"In witness whereof the said parties hereto have affixed
the official signatures the day and year first above written.
                     "J. A. FAY & Co.,
                   "By W. H. DOANE, President.
                      "JAMES JENKS & Co.,
                   "By JAMES JENKS, President."

At the time of the execution of this contract the fol-
lowing note was executed:

"$12,000.00. DETROIT, Oct. 19, 1886.

"On or before two years after date, James Jenks & Co., incorporated, promises to pay to J. A. Fay & Co. or order, twelve thousand dollars, at its office in Cincinnati, Ohio; said maker having the privilege of paying any sum at any time hereon, value received, with 6 per cent. interest per annum.

"JAMES JENKS & Co., Incorporated.
"By JAMES JENKS, President."

Indorsed on back:

"JAMES JENKS.
"GEO. A. JENKS.
"F. W. SWIFT.
"Pay cashier Citizens' National Bank, Cincinnati, Ohio, or order. For collection.
"J. A. FAY & CO.
"Note duly protested Oct. 22, 1888."

It appears that this $12,000 note, as well as the others, was given to secure the past indebtedness of James Jenks & Co., and Colonel Swift claims that he would not have indorsed this note except for the contract above set forth.

Just before the assignment was made, on November 19, 1887, by James Jenks & Co., Doane and Lyon again came to Detroit, looked over the affairs of the company, and demanded that Swift and James and George Jenks indorse the renewal notes. This Colonel Swift refused to do, when they were informed by Doane and Lyon that J. A. Fay & Co. would furnish no more machinery, and would take from their possession the commission goods then on hand. To this arrangement Colonel Swift protested. Immediately following this refusal to indorse these renewal notes the commission goods were removed, and within a few days the assignment was made. It is claimed that Doane and Lyon were fully advised of the assignment, and upon this claim there is but little, if any, dispute.

After this assignment J. A. Fay & Co. caused attachments to be issued in New York and Chicago, and some of the property of James Jenks & Co. there situate was taken under the writs. It also appears that after the assignment J. A. Fay & Co. commenced suit in the Wayne circuit court upon the $12,000 note against James Jenks. & Co. and the indorsers, Frederic W. Swift, James Jenks, and George A. Jenks, to which action defendants appeared, and, under their plea of the general issue, claimed to recoup damages by' reason of a breach of the contract above set forth, in the plaintiff's therein failing and refusing to furnish the goods and machinery to be sold on commission as provided in the contract. Before the present claim came on for hearing, the plaintiff in the suit on the note discontinued as to James Jenks & Co., and proceeded to trial against the indorsers, and obtained judgment therein to the full amount of the note and interest.

The defense to the present claim is—

1. That there was a violation of the contract above set forth by J. A. Fay & Co.

2. That judgment having been taken against the indorsers on the $12,000 note, that amount should have been deducted from the amount of the claim presented here.

3. That the value of the property attached in New York and Chicago should have been ascertained in this proceeding, and deducted from the claim

From an examination of the contract, we do not think the defendant here is in a position to set up some of the breaches, as claimed. The contract provides that—

"Said James Jenks & Co. is to report on the tenth of each month the sales for the previous month, and give its notes, due in four months, bearing date with said report, for the amount of such monthly sales, without interest; and, in case said James Jenks & Co. shall at any time desire a renewal of any of said notes, or of the

four notes first mentioned herein, said James Jenks & Co. may renew the same for the period of four months, with six per cent. interest, by giving thereon the indorsements of said James Jenks, George A. Jenks, and Frederic W. Swift, who are the stockholders of said James Jenks & Co. A second renewal of any note shall only be allowed by special arrangement with Fay & Co.; and it is further agreed that, in case of failure to pay any renewed note at maturity, said J. A. Fay & Co. shall have the option to declare all indebtedness of said James Jenks & Co. to it due and payable forthwith, including said note for $12,000, and also to declare said agency at an end."

When the stockholders, therefore, declined to indorse the renewal notes, the claimant, by the terms of this contract, had the right to declare it at an end, and its refusal to furnish the commission goods, and its action in removing the commission goods then on hand, was justified by the plain terms of the contract.

Another claim is, however, made by the defendant, which has some force, and which raises issues that should have gone to the jury. The defendant was to be the sole agent of Fay & Co. in Michigan for the exclusive sale of its goods, which were to be furnished and supplied when required by defendant. Some evidence was given on the hearing that Fay & Co. permitted sales to be made by other of its agents residing without the State within this territory. This is denied by claimant, but that question we can not settle upon this record. Some testimony was given tending in a measure to show it, and which must be taken here as true, the court having directed the verdict in favor of claimant.

The questions raised under the second claim need but passing notice. There is no dispute but that this note was given for an indebtedness of James Jenks & Co. existing at and before the time of the execution of the contract. It has never been paid, and whether there was a breach of the contract or not could not affect this note

in the manner claimed. If the defendant sustained damages by reason of sales being made by other agents within its territory, these damages would go to the reduction of the damages of claimant as a whole, and would not specifically affect the note. The fact, also, that a discontinuance was entered as to James Jenks & Co. after issue in the suit brought on the note, and judgment taken against the indorsers, could not affect the questions here. Such controversies can only be settled in the suit on the note, and not here. If the judgment which is or may be obtained on the note is paid, it would of course reduce the claimant's demand here.

We think the court was in error in not submitting to the jury also the question of the value of the goods taken in attachment in New York and Chicago. It is evident that the claimant, through its officers Doane and Lyon, had full knowledge of the assignment of defendant; and, whatever the value of the property taken under the attachment, it should have been applied in reduction of the claimant's demand.

The verdict and judgment must be set aside, with costs, and new trial ordered.

The other Justices concurred.