J. A. FAY & CO. (A CORPORATION) v. JAMES JENKS &
  CO. (A CORPORATION), JAMES JENKS, GEORGE A.
  JENKS, AND FREDERIC W. SWIFT.

[See 78 Mich. 304, 312.]

*Bills and notes—Release of surety.*

1. Where a note is indorsed by one not liable for the original debt,
   in reliance upon the agreement of the payee to give the maker
   the exclusive agency for the sale in a specified district of cer-
   tain machinery manufactured by the payee, which agreement
   is a part of the same transaction as the indorsement, a violation of
   the agreement by the payee destroys the condition upon which
   the indorsement was made, and releases the indorser from
   liability, unless consented to or waived by him.

2. In such a case the court will not stop to inquire into the
   amount of damages sustained on account of the violation of
   the agreement.

Error to Wayne. (Brevoort, J.) Argued May 13, 1892.
Decided October 4, 1892.

*Assumpsit.* Defendants James Jenks, George A. Jenks,
and Frederic W. Swift bring error. Reversed. The facts
are stated in the opinion.

*Bowen, Douglas & Whiting,* for appellants Jenks.

*George W. Radford,* for appellant Swift.

*Moore & Canfield* (*William H. Wells,* of counsel), for
plaintiff.

MORSE, C. J. The plaintiff sued upon the following
note:

"$12,000.                        DETROIT, October 19, 1886.
"On or before two years after date, James Jenks & Co.,
incorporated, promises to pay to J. A. Fay & Co., or order,
twelve thousand dollars, at its office in Cincinnati, Ohio,

said maker having the privilege of paying any sum at any time hereon, value received, with 6 per cent. interest per annum.

"JAMES JENKS & CO., Incorporated.
"By JAMES JENKS, Prest."

Indorsements:

"JAMES JENKS.
"GEORGE A. JENKS.
"F. W. SWIFT.
"Pay cashier Citizens' National Bank, Cincinnati, Ohio, or order. For collection.

"J. A. FAY & CO."

At the time this note was given, the following contract was entered into between J. A. Fay & Co. and James Jenks & Co.:

"This agreement, made this 19th day of October, A. D. 1886, by and between J. A. Fay & Co., a corporation organized and doing business under the laws of the state of Ohio, at the city of Cincinnati, in said state,.party of the first part, and James Jenks & Co., a corporation doing business under the laws of the State of Michigan, at Detroit, Michigan, party of the second part, witnesseth.

"That whereas, the said corporation, James Jenks & Co., is now indebted to J. A. Fay & Co. in the sum of $23,086.21, represented by the notes of said James Jenks & Co., as follows:

| | |
|---|---:|
| Note dated July 10, 1886, due Nov. 13, 1886 | $1,686 48 |
| Note dated Aug. 10, 1886, due Dec. 13, 1886 | 3,344 51 |
| Note dated Sept. 10, 1886, due Jan. 13, 1887 | 3,238 68 |
| Note dated Oct. 19, 1886, due Feb. 22, 1887 | 2,816 54 |
| Note dated Oct. 19, 1886, due on or before two years from date, interest at 6 per cent., with privilege of making payments at any time, indorsed by James Jenks, George Jenks, and Frederic W. Swift | 12,000 00 |
| Total | $23,086 21 |

"It is therefore hereby agreed, by and between the parties hereto, that said J. A. Fay & Co. hereby appoint said James Jenks & Co. sole agent for the exclusive sale of said J. A. Fay & Co.'s machinery in the State of Michigan, and that said J. A. Fay & Co. shall supply, on consignment, machinery to said James Jenks & Co., as the latter may require the same for sale in its business, which

said machinery shall be properly insured by said James Jenks & Co. for the benefit of said J. A. Fay & Co. Said James Jenks & Co. is to report on the 10th of each month the sales for the previous month, and give its notes, due in four months, bearing date with said report, for the amount of such monthly sales, without interest; and in case said James Jenks & Co. shall at any time desire a renewal of any of said notes, or of the four notes first mentioned herein, said James Jenks & Co. may renew the same for the period of four months, with six per cent. interest, by giving thereon the indorsements of said James Jenks, George A. Jenks, and Frederic W. Swift, who are the stockholders of said James Jenks & Co. A second renewal of any note shall only be allowed by special arrangement with said Fay & Co.; and it is further agreed that, in case of failure to pay any renewed note at maturity, said J. A. Fay & Co. shall have the option to declare all indebtedness of said James Jenks & Co. to it due and payable forthwith, including said note for $12,000.00, and also to declare said agency at an end.

. "In witness whereof the said parties hereto have affixed their official signatures the day and year first above written.

"J. A. FAY & Co.,
"By W. H. DOANE, President.
"JAMES JENKS & Co.,
"By JAMES JENKS, President."

The note and contract executed at the same time, and given in consideration of each other, are parts of the same transaction, and must be construed together. This note, with others, was given to secure the past indebtedness of James Jenks & Co. The defendants James Jenks, George A. Jenks, and Frederic W. Swift, the indorsers upon this note, were substantially the only stockholders of James Jenks & Co. Mr. Swift claims that he would not have indorsed the note except for the contract, upon which he relied in making his indorsement. Upon the refusal of Mr. Swift to indorse a renewal note for this $12,000 note, Fay & Co. declared the agency at an end, and removed its machinery then on hand from the possession of Jenks & Co.

The defense made against this note by the indorsers was

that Fay & Co. had violated the contract by selling its machinery to other parties in Michigan, through other agencies than Jenks & Co., and that, by such violation of the contract, the indorsers, who were sureties, were released. The circuit judge held that the indorsers stood in the relation of sureties, but that they would not be released from liability by the sales of machinery by the plaintiff, or by its branch house in Chicago, to residents of Michigan, nor by the cancellation of the agency, and the removal of the machinery, upon the refusal of the indorsers to renew this note; that the defendants would only be entitled to deduct from the amount of the note the damages arising from such sales. The jury must have found that the plaintiff violated the agreement as to the exclusive agency, as they made a reduction from the amount of the note and interest.

There is no doubt that, as against James Jenks & Co., the maker of the note, the plaintiff had a right to declare the agency at an end when any one of the indorsers refused to renew this note, and it was not paid when due. This we held in *Fay v. Jenks,* 78 Mich. 304. We also held, as against Jenks & Co., that if the contract had been violated, defendant was only entitled to damages in reduction of the amount of the note, and that such violation of the agreement did not affect the validity of the note, which was given for the past indebtedness of James Jenks & Co. But our opinion in that case does not affect the question here raised by the sureties.

It is claimed by Mr. Swift that he indorsed this note relying upon the consideration that the condition of the contract would be strictly performed by Fay & Co. It must be remembered that Mr. Swift and the other indorsers were not personally liable for this debt of $12,000. This was the debt of the corporation, Jenks & Co. They became liable individually only by virtue of their indorse-

ments. If the plaintiff had violated the agreement as to the exclusive agency of the sale of machinery in Michigan, without the consent of Col. Swift, the question arises whether Swift was obligated to renew his indorsement of the note, or to pay it. It is evident from the testimony that Col. Swift was induced to indorse this note upon some promise or reliance other than the fact that he was a stockholder in Jenks & Co. He had resigned his office in the corporation as treasurer, and withdrawn from active participation in the business, being satisfied that the concern was losing money. The president and secretary of the plaintiff company came to Detroit, and, after several days of negotiation, this contract and note were made, and Swift indorsed the note. He claims that he did it in reliance upon the contract, and the belief induced by the plaintiff's officers that, if the contract was fulfilled by the plaintiff, the business could be made profitable, and the old indebtedness to Fay & Co., then amounting to over $23,000, would be liquidated. If Swift's claim that he relied upon this contract, and would not have indorsed the note but for it, and the contract was violated before he refused to pay or renew the note, is maintained, what are his rights in the premises? This is the question to be here determined. The counsel for plaintiff are mistaken in their supposition that Col. Swift is defending this note upon the ground that there has been a partial failure of consideration to the original maker, and that the cases bearing upon such a defense are applicable here. The defense is that he became a surety—indorsed the note— upon condition that the contract, which was a part of the same transaction as the indorsement, should be fulfilled by the plaintiff; and that, by a violation of such contract in reference to exclusive agency, the surety has been released. It is the general rule that, if the condition upon which the surety signs is not complied with, he is not bound.

Brandt, Sur. § 403; Burge, Sur. p. 115. In this case the condition that Jenks & Co. should have the exclusive sale of plaintiff's machinery in Michigan was a vital part of the contract. Upon this assurance the indorsers had a right to rest. It can make no difference as to the extent of sales in violation of this condition of the agreement. If such sales were made without the consent of the indorsers, and without any subsequent waiver of their rights under the contract, courts will not stop to inquire into the amount of damage that may have been done by such sales. The fact that one sale has been made violates the contract, and destroys the condition upon which the indorsements were made, and releases the sureties. See *Hall v. Parker,* 37 Mich. 590; *Johnston v. Township of Kimball,* 39 Id. 187; *Hessell v. Johnson,* 63 Id. 623.

We do not deem it necessary to examine the other allegations of error.

The judgment will be reversed, and a new trial granted, with costs to the defendant indorsers.

McGrath, Long, and Montgomery, JJ., concurred. Grant, J., did not sit.