THE COMSTOCK CASTLE STOVE COMPANY v. S. GALLAND.

### No. 141.

NEW TRIAL—*not granted unless newly discovered evidence comes to party's knowledge after trial, and is material, and party is diligent.* A new trial will not be granted where the alleged newly discovered evidence was in the possession of the party applying, at the time the issues were made up and at the time of trial. It must be shown that the existence of such evidence came to the knowledge of the party applying, after the trial, that it is material, and that the party applying has been diligent. It must further appear to the court that, if a new trial should be granted, a different judgment would probably be rendered.

Error from Ford District Court. Hon. A. J. Abbott, Judge. Opinion filed July 29, 1897. *Affirmed.*

*Emmons & Wells, J. M. Kirkpatrick* and *D. B. Van Syckel,* for plaintiff in error.

*Sutton & McGarry,* for defendant in error.

SCHOONOVER, J.   On the fourth day of April, 1893, the plaintiff filed its petition in the court below for a new trial in the case of *Stove Co. v. Galland* (ante, p. 831), just affirmed by this court. Several grounds for a new trial are alleged, all of which have been considered in that case except the grounds of newly discovered evidence and that the decision of the court

834      STOVE CO. v. GALLAND.

S. Dept.      Opinion.   Schoonover, J.      6 Kan. App.

is not sustained by sufficient evidence. On the twenty-fourth day of June, 1891, in that case, the defendant filed his answer alleging the agency and authority of one George B. Cox to act for plaintiff. To this answer plaintiff filed a demurrer, which was overruled. Thereafter he filed a reply, which was not verified. Upon the theory that the court will permit the plaintiff to verify its reply, if a new trial is granted, we consider the newly discovered evidence, which relates to the agency and authority of George B. Cox.

Plaintiff now contends that if it is permitted to have a new trial it will prove, by newly discovered evidence, "that the answer filed by the defendant, Galland, was false and untrue, and that it was well known to be false and untrue at the time it was filed." The alleged evidence consists of certain letters written and payments made by defendant to plaintiff more than a year before plaintiff filed its reply. This evidence was in the possession of plaintiff at the time its reply was filed, and has been ever since; so, cannot be considered as newly discovered. Our attention is called to certain statements of counsel for defendant alleged to have been made long after the trial. These statements cannot be construed to be an admission of defendant through his attorney.

A new trial will not be granted where the alleged newly discovered evidence was in possession of the party applying, at the time the issues were made up and at the time of trial. It must be shown that the existence of such evidence came to the knowledge of the party applying, after the trial, that it is material, and that the party applying has been diligent. It must appear to the court that, if a new trial should be granted, a different judgment would probably be rendered.

We have read the evidence attached to plaintiff's petition, upon which the judgment was rendered, and cannot say, under the pleadings, that the court erred in rendering judgment for defendant for costs.

The judgment will be affirmed.