## J. S. MAYFIELD LUMBER CO. v. MANN et al.

No. 6952—Opinion Filed June 27, 1916.

(158 Pac. 1190.)

### 1. Principal and Surety—Release of Surety —Breach of Surety's Contract.

E. indorsed a note as surety for M. upon the express agreement with the payee that no materialman's lien should be filed against certain lots, and thereafter the payee, in violation of such contract, filed such lien against said lots. Held, that the surety was thereby released.

**2. Same—Benefits or Detriments.**

The mere fact that benefits may accrue to the surety, or that detriment arises to the payee of the note, will not prevent the release of the surety if he signed upon an express agreement which the payee violated.

**3. New Trial—Newly Discovered Evidence—Diligence—Cumulative Evidence.**

A judgment will not be reversed because the trial court refused to grant a new trial upon the grounds of newly discovered evidence, where the facts show that there was negligence on the part of the party applying for such new trial in not producing the evidence at the trial, or where the alleged newly discovered evidence is merely cumulative. Held, in this case, that the plaintiff was negligent in not producing the alleged newly discovered evidence at the trial, in that a letter offered by it clearly showed that such testimony was necessary at the trial in order to render it admissible.

(Syllabus by Clay, C.)

Error from District Court, Oklahoma County; John J. Carney, Judge.

Action by the J. S. Mayfield Lumber Company against J. W. Mann and another. Judgment against named defendant only, and plaintiff brings error. Affirmed.

Burwell, Crockett & Johnson and Elmer L. Fulton, for plaintiff in error.

Wilson, Tomerlin & Buckholts, for defendant in error.

Opinion by CLAY, C. The plaintiff, J. S. Mayfield Lumber Company, sued the defendants, J. W. Mann and A. C. Enochs, on two certain promissory notes for the principal sum of $545.70 each, with interest and attorney's fees according to the tenor of said notes. Defendants answered separately. The defendant Mann admits the execution of the notes sued on, but alleges as a defense that the consideration therefor was a waiver by the plaintiff of all liens for material furnished on lots 37 and 38, block 16, Central Park addition to Oklahoma City, and an agreement not to file a lien against the same; that in violation of said promise and agreement, the plaintiff filed a materialman's lien against said lots on the 16th day of June, 1913, and still maintains the same. The defendant Enochs answered by a general denial, secondly admitting the execution of the notes and his indorsement of the same, but alleges his indorsement was without consideration and totally void; and he further alleges that the plaintiff, on the day on which he indorsed the notes, was claiming the right to file a materialman's lien against the lots mentioned above, and that at and before the date of his indorsement of said notes he was a surety on a certain bond, contract, and obligation to the Jefferson Trust Company,

by which the Mann Development Company, as principal, and this defendant as surety, agreed to hold the Jefferson Trust Company harmless, and indemnify it as against any and all mechanics' or materialman's liens upon said lots, and trust company being interested in the same as a mortgagee; that in consideration of this defendant's indorsement of the notes sued on, the plaintiff company agreed to refrain from filing any lien on said lots, but that in violation of said agreement said plaintiff did file and assert a materialman's lien upon said lots on the 10th day of June, 1913, and instituted an action in the district court of Oklahoma county for the foreclosure of said lien, by reason of which the defendant asserts the consideration for the said notes has wholly failed, and prays judgment. Plaintiff replied to each of the answers, and denied generally each and all of the allegations therein set forth, denied the agreement with the defendant Enochs, and admits the filing of the lien and the suit to foreclose the same, and that the material for which the notes herein sued on were given had no connection with the indebtedness for which the lien was filed. Upon the issues thus joined the cause was tried to a jury, and resulted in a verdict in favor of the plaintiff and against the defendant Mann only, for the amount sued for. Plaintiff moved the court for judgment against the defendant Enochs, notwithstanding the verdict, which was overruled and exceptions saved, a motion for a new trial was filed and overruled, judgment entered upon the verdict, and plaintiff brings this cause here for review.

For convenience the parties will be referred to here as they appeared in the trial court, plaintiff and defendants, respectively.

Plaintiff discusses its first three assignments of error together, and they will be so treated here, viz: That the court erred in overruling plaintiff's demurrer to the evidence of the defendant Enochs; in refusing to instruct a verdict against said defendant; and in refusing to render judgment against him notwithstanding the verdict.

The evidence, as between the plaintiff and the defendant Enochs, was conflicting. Enochs' testimony was to the effect that plaintiff agreed that if he would indorse the notes sued upon, no liens would be filed against lots 37 and 38. This was denied by the plaintiff, and the jury found in favor of said defendant. Plaintiff contends that there was still a sufficient consideration to support the indorsement, in that plaintiff refrained from filing a lien on lots 11 and 12 in block 16, against which plaintiff had a right to file a materialman's lien for the amount represented by the notes in controversy; that a

benefit accrued to the Mann Development Company by reason of this fact, which was known to the defendant Enochs, and a detriment to the plaintiff.

Plaintiff cites in support of this contention section 926, Rev. Laws 1910, which reads as follows:

"Any benefit conferred, or agreed to be conferred upon the promisor, by any other person, to which the promisor is not lawfully entitled, or any prejudice suffered or agreed to be suffered by such person, other than such as he is at the time of consent lawfully bound to suffer, as an inducement to the promisor. is a good consideration for a promise."

In the case of Willoughby v. Ball, 18 Okla. 535, 90 Pac. 1017, the court, in its syllabus, says:

"Where one executes a promissory note for accommodation of another, and the payee advances money thereon to such third party, the maker, when sued, cannot defeat recovery on the ground that there was no consideration for its execution."

"While parol evidence will be received to explain that a promissory note was executed by the maker for accommodation of another, or to be held as collateral security, it cannot be received to defeat recovery thereon, where the payee, on the strength of the execution and delivery of such note, and at the request of the maker, extended credit to a third party."

These cases are correct as applied to the facts decided by them, but are not applicable to the case at bar. The fact that there was a detriment to the plaintiff and a benefit to the Mann Development Company, or to J. W. Mann, or some benefit flowing to the defendant Enochs, does not take away the right of defendant Enochs to stand on his contract of suretyship, which he says was an express agreement to sign the notes in suit as indorser if the plaintiff would refrain from filing a materialman's lien against said lots 37 and 38, in which he was interested by reason of a contract of indemnity to the Jefferson Trust Company that no lien should be filed against these lots. This was a condition which he had imposed upon his contract of suretyship to be performed by the plaintiff. When he introduced the evidence showing the conditions and a breach thereof by the plaintiff to the satisfaction of the jury and they settled this issue in favor of the defendant Enochs, it appears to us that the law is with the defendant.

It is held in 32 Cyc. 172, that if a surety has annexed conditions to be performed by the creditor or obligee after the contract has been entered into, a failure to perform releases the surety from liability and the prin-cipal cannot waive performance. To the same effect are Campbell v. Gates, 17 Ind. 126; Fay v. Jenks, 93 Mich. 130, 53 N. W. 163; Eldridge v. Fuhr, 59 Mo. App. 44; Hull v. Carter, 83 N. C. 249; Koppitzmelchers Brewing Co. v. Schultz, 68. Ohio St. 407, 67 N. E. 719; Durrell v. Farwell, 88 Tex. 98, 30 S. W. 539, 31 S. W. 185; Coughran v. Bigelow, 9 Utah, 260, 34 Pac. 51; Id., 164 U. S. 301, 17 Sup. Ct. 117, 41 L. Ed. 442; Lombard Investment Co. v. American Surety Co. (C. C.) 65 Fed. 476; Griffith v. Newell, 69 S. C. 300, 48 S. E. 259; Charley v. Pothoff, 118 Wis. 258, 95 N. W. 124; Jones v. Kerr, 30 Ga. 93; Jeffries v. Lamb, 73 Ind. 202.

In the last case it was held that where the payee agreed to deliver a former note and mortgage to the principal, so that the surety might secure himself by obtaining a first mortgage thereon, the surety was released upon a failure to deliver the note and mortgage as per agreement.

In Durrell v. Farwell, supra, a surety gave his own land to be subject to a mortgage for bonds, conditioned that all other securities of the company be exhausted. The court held:

"In order for the bondholders to avail themselves of the additional security afforded by the deed of trust, they must have strictly followed its provisions and complied with its terms." Hayes v. Exchange Bank, 54 Okla. 124, 153 Pac. 1112.

Though the surety may be fully aware of the benefits to creditors, nevertheless if he sign upon conditions that another also sign as indorser, the failure to procure the designated indorser will release the first indorser from liability, unless the note be in the hands of an innocent purchaser. See note to Benton County Bank v. Beddicker, 105 Iowa, 548, 75 N. E. 632, 45 L. R. A. 321, 67 Am. St. Rep. 310.

We are therefore of the opinion that the court was correct in overruling the demurrer of the plaintiff, and in refusing to instruct the jury in favor of the plaintiff and in refusing to render judgment notwithstanding the verdict.

The plaintiff's second contention is that the court erred in refusing to grant the plaintiff a new trial for the reason that the evidence did not warrant the verdict, and on the ground of newly discovered evidence. We think it sufficient to say that it has been the uniform holding of the Supreme Court of this state that where the evidence is conflicting and reasonably supports the verdict, this court will not weigh the testimony, as that is particularly the province of the jury. Davis v. Gray. 39 Okla. 386. 134 Pac. 1100;

McConnell v. Watkins, 42 Okla. 214, 140 Pac. 1167, 52 L. R. A. (N. S.) 255.

Plaintiff urges at length that he should be granted a new trial because of the newly discovered evidence of Miss Alice Bonner. Plaintiff introduced in evidence the following letter purporting to have been written by defendant Enochs, viz:

"Phone Walnut 4767. P. O. Box 707. Office of A. C. Enochs, Real Estate Investments, Rooms 424-425, American Nat'l Bank Bldg., Oklahoma City, September 12, 1913. J. S. Mayfield Lumber Company, Dallas, Texas— Dear Sir: I have your telegram of September 12th, and note that Mr. J. W. Mann was in Oklahoma City on Tuesday last and I discussed this matter with him and he stated to me that he had also talked to your attorney, Mr. Johnson, about this matter and advised him that he expected to be able to take care of this matter about October 1st, and Mr. Johnson told him that he would advise you to this effect. Mr. Mann also stated that he had advised you to this effect, and in order that you may know what my position is I beg to advise that I indorsed this paper for Mr. Mann expecting you to exhaust your effort against Mr. Mann and his effort to secure papers for same, and in the event you fail to secure enough out of Mr. Mann's property to reimburse you, then I am liable for whatever remains unpaid. I do not desire that you should misunderstand my position whatever, therefore have stated it fully above. Yours very truly, A. C. Enochs, by A. B."

This letter was typewritten, with defendant Enoch's name signed thereto, and purported to have been written by a stenographer, who signed "by A. B." Defendant admitted having received the telegram mentioned in this letter, but denied having answered it, or having authorized the writing of said letter, denied having signed it or having authorized the signing of it, and denied having any stenographer whose initials were "A. B." Plaintiff attaches to his motion for a new trial the affidavit of Alice Bonner, who states under oath that this letter was dictated by Dr. A. C. Enochs, the defendant; that she accurately took the same in shorthand, transcribed the same on a typewriter, and subscribed the name of A. C. Enochs, "by A. B.," and posted the letter addressed to the plaintiff company at Dallas, Tex.; that she was a public stenographer and kept a record; and that between August 9th and September 15th of that year Dr. Enochs dictated to her and she transcribed for him 27 letters, that the letter exhibited to her which plaintiff marked "Exhibit A" was the only one that she remembered signing for him at his request. No counter affidavit was filed to the motion for a new trial. Plaintiff cites in support of its motion 29 Cyc. 895; St. L.

& S. F. R. Co. v. Hurley, 30 Okla. 333, 120 Pac. 568; Roeser v. Peaze, 37 Okla. 222, 131 Pac. 534; Keister v. Rankin, 34 App. Div. 288, 54 N. Y. S. 274. The effect of these authorities is that, where an applicant for a new trial is surprised by evidence offered, and knew of no evidence to refute it, he cannot be charged with negligence in not having produced at the trial evidence on the point which he has since discovered, and that where the evidence alleged to have been discovered conclusively tends to show the controverted fact in his favor, or, if produced, would probably produce a different result, a new trial should be granted.

We do not believe that the evidence offered in this case comes within the rule announced by any of the authorities cited, because it was the duty of the plaintiff to show that the evidence had been newly discovered, that plaintiff was guilty of no negligence in failing to produce the evidence at the trial, and that the newly discovered evidence was not merely cumulative. The facts in the case show that plaintiff could not have been surprised. The letter was in its possession, showing that it was not signed by Dr. Enochs, but was signed by "A. B.," and to render this letter properly admissible the "A. B." who signed the name of Dr. Enochs should have been present to prove that the defendant Enochs dictated the letter and authorized the signature. Clearly it was the duty of the plaintiff to do before the trial that which he did immediately afterwards, locate the witness and produce her. Again, it appears that the evidence in this cause is merely cumulative as adding weight to the testimony of the letter which was introduced. It must appear that due diligence has been exercised by movant to discover the same in time. McLeod v. Shelby Mfg. & Im. Co., 108 Ala. 81, 19 South. 326. A new trial should not be granted on newly discovered evidence unless such evidence, if before the jury, ought to have changed the verdict. Schlaff v. Railroad Co., 100 Ala. 377, 14 South. 105. As a general rule newly discovered evidence, the purpose of which is to discredit a witness in the original trial, does not afford adequate grounds for a new trial. State v. Smith, 35 Kan. 618, 11 Pac. 908. In the case of Comstock v. Galland, 6 Kan. App. 833, 49 Pac. 692, a case similar to this, the court refused to grant a new trial on the ground of newly discovered evidence. Parker v. Bates, 29 Kan. 597; Union Ins. Co. v. Loughmiller, 33 Ind. App. 309, 69 N. E. 264; Twine v. Kilgore, 3 Okla. 643, 39 Pac. 388; Huster v. Wynn, 8 Okla. 569, 58 Pac. 736; Flersheim Mer. Co. v. Gillespie, 14 Okla. 143, 77 Pac. 183; Hobbs v. Smith, 27 Okla. 830, 115 Pac. 347, 34 L. R. A. (N. S.) 697.

For the reasons stated, we recommend the judgment of the trial court be affirmed.