### CONTRACTS OF SURETYSHIP — BREACH OF TERMS.

THE KOPPITZ-MELCHERS BREWING CO. V. SCHULTZ, AS ADMINIS-
TRATRIX, AND HALL.

Decided, June 2, 1903—68 Ohio State, p. 407.

*Bond Given as Security for Performance of Contract—Conditions of
Contract Violated by Party Secured—Action by Violating Party
Against Obligor of Bond—Burden of Proof on Plaintiff—Answer by
Defendant that Liability on Bond was Enlarged by Act of Plaintiff
—Answer Good Against General Demurrer—Error for Court to
Charge that Burden of Proof Rests on Defendant—Contracts—
Surety—Evidence—Court Practice.*

1. Where a bond is given by H as principal with S as his surety to
secure the faithful performance by H of a contract made and
entered into between H and a brewing company, which contract
was conditioned and provided that H should purchase beer of said
brewing company in car load lots, should have a total credit
with said company on the purchase of beer under said contract
of not to exceed two car loads at any one time, and providing
further that H, on ordering the third car load of beer, should pay
for the first, and that the third car load should not be shipped by
said brewing company until the first car load had been paid for,
a failure of the brewing company to require payment for the first
car load of beer before shipping the third, and the giving by it
of a credit to H in excess of two car loads at any one time, is a
material breach and violation of the terms and conditions of said
contract, and, if without the consent of the surety, operates to
release him from liability on said bond.

2. In an action on said bond by the brewing company, obligee therein,
when it alleges in its petition full performance of all of the terms
and conditions of said contract on its part, an answer by the surety
which controverts and puts in issue said allegation of performance,
and alleges and pleads such specific breaches of said contract on
the part of said brewing company as materially vary and enlarge
the liability of the surety on said bond, states a defense and is
therefore sufficient as against a general demurrer.

3. Where in an action brought by the obligee in such bond, the allega-
tion of performance, in plaintiff's petition, is controverted by the
answer of the surety, the burden is on the plaintiff to establish on
the trial, by a preponderance of the evidence, the facts showing
such performance, and it is error for the court in such case to
instruct the jury that the burden is on the defendant—the surety—
to show and prove that such violation and non-performance by
plaintiff was without his, the surety's consent.

Error to the Circuit Court of Guernsey County.

On July 27, 1898, the plaintiff in error, The Koppitz-Melchers Brewing Co., entered into a contract in writing with the defendant in error, Henry T. Hall, whereby it agreed to sell and deliver beer to said Henry T. Hall, at Cambridge, Ohio. By the terms of said contract shipments of beer were to be made by said brewing company in "car load lots," and Hall was to pay for the same at the times and in the manner stipulated and provided in said contract. Among other stipulations and provisions, said contract contained the following:

"It is further agreed that the second party shall have a total credit with the party of the first part on the purchase of beer under the terms of this agreement, not exceeding at any one time two car loads of beer, and this credit shall be for the beer itself, exclusive of the value of the packages, and the second party agrees to remit to the first party for the first car of beer when he orders the third car and the third car shall not be shipped unless the first car shall have been paid for. He shall pay for the second car of beer when he orders the fourth car and the fourth car shall not be shipped unless the second car has been paid for, and this rule shall follow and hold good on all subsequent orders, and in no case shall the second party owe the first party more than sixty days for beer shipped to him."

Contemporaneous with the making of said contract, and for the purpose of securing the faithful performance of the same upon his part, said Henry T. Hall, as principal, with Herman Schultz as his surety, executed and delivered to said brewing company his certain bond in the words and figures following, to-wit:

"*Know All Men by These Presents:* That we, Henry T. Hall, of Cambridge, Ohio, as principal, and Herman Schultz, of Cambridge, Ohio, as surety, are held and firmly bound unto the Koppitz-Melchers Brewing Co., a Michigan corporation, of Detroit, Mich., in the sum of $1,200 good and lawful money of the United States, for the payment of which well and truly to be made, we bind ourselves, severally and collectively, our heirs and representatives, firmly by these presents.

"Sealed with our seals and dated this twenty-seventh day of July, 1898.

"Whereas, the said Henry T. Hall is in the business of selling beer and has made a contract with the said Koppitz-Melchers Brewing Co., of Detroit, Mich., to buy its beer in car load lots, both in cooperage and in bottles, or either or both; *Now, therefore,* the conditions of this obligation is such that if the said Henry T. Hall shall promptly pay and discharge all his debts and obligations to

said Koppitz-Melchers Brewing Co., as provided for and specified in the contract hereto attached, then this obligation to be void, otherwise in full force.

"HENRY T. HALL,
"HERMAN SCHULTZ.

"In presence of
"CARL BEHRENDT,
"JAY G. PHILPOTT.
"(Stamp.)"

On August 2, 1899, plaintiff in error commenced an action on said bond against said Henry T. Hall and Herman Schultz, in the Court of Common Pleas of Guernsey County, Ohio. Herman Schultz, surety in said bond, died in January, 1900, and the defendant in error, Angie Schultz, was appointed administratrix of his estate, and became a party to said suit by revivor. On January 13, 1900, by leave of court, plaintiff in error filed an amended petition in said cause, alleging due performance of said contract upon its part, claiming there was due to it from said Henry T. Hall on account, under said contract, the sum of $1,254.67, and alleging a breach of said bond by the non-payment of said sum and praying for judgment against the defendants, Henry T. Hall and Angie Schultz, as administratrix, for the full penalty of said bond, $1,200, with interest from October 24, 1899. To this amended petition Angie Schultz, administratrix, filed her answer admitting the execution by Herman Schultz of said bond and contract as claimed in plaintiff's amended petition, but alleging a violation of the terms and conditions of said contract on the part of said brewing company, in that it did not require Hall to pay for the first car load of beer before it shipped to him the third car load, and did not require him to pay for the second car load before shipping him the fourth, and averred that said brewing company "at no time required Hall to pay for the beer furnished him as provided in said contract; that Hall ordered and received from plaintiff three car loads of beer before he paid for any part bought and ordered under the contract." To this answer the brewing company demurred and this demurrer was sustained by the court of common pleas, that court holding that the answer was insufficient, for the reason that it did not contain the averment that such violation of the contract on the part of the brewing company was without the knowledge and consent of Schultz, the surety in said bond. To the sustaining of said demurrer the defendant, Angie Schultz, at the time

duly excepted. Thereupon an amended answer was filed by her, which amended answer among other averments contained the following:

"This defendant says that notwithstanding the terms and provisions of said contract and bond the plaintiff, without the knowledge or consent of the said Herman Schultz, and in violation of said contract and bond, sold and shipped to the said Henry T. Hall, upon his order, the third car load of beer before the said Hall had paid for the first, and likewise without the knowledge and consent of the said Schultz sold and shipped to the said Hall, on his order, the fourth car load of beer before the said Hall had paid for the second, and the plaintiff without the knowledge or consent of the said Schultz, wholly disregarded said contract and shipped beer to the said Hall whenever he ordered it without him having paid for the previous beer ordered, according to the terms of the contract, and the plaintiff wholly disregarded all the terms of the contract."

Plaintiff replied, admitting "that said plaintiff and Henry T. Hall entered into a contract, and that the terms are as alleged in said amended answer and that the terms of the bond are as stated therein," but denied any breach of, or non-performance on its part, of the terms and conditions of said contract. The case was tried to a jury and resulted in a verdict for the plaintiff for the full amount claimed. Upon this verdict judgment was entered by the court. A motion for a new trial was overruled and Angie Schultz, as administratrix, etc., prosecuted error to the Circuit Court of Guernsey County. That court reversed the judgment of the court of common pleas for the reasons: (1) "That said court of common pleas erred in sustaining the demurrer to the answer of plaintiff in error to the amneded petition of the defendant in error, The Koppitz-Melchers Brewing Co." (2) "For the further reason that the court erred in its charge to the jury." To reverse this judgment of the circuit court this proceeding in error is prosecuted.

*John F. Stockdale,* for plaintiff in error.

*Robert T. Scott,* for defendant in error.

CREW, J.; BURKET, C. J., SPEAR, DAVIS, SHAUCK and PRICE, JJ., concur.

The contract and bond relied upon and pleaded by plaintiff in error were contemporaneously executed, were parts of the same

transaction, and must be construed together as one instrument.

The plaintiff in error by accepting this contract, and as obligee in said bond, impliedly undertook and agreed with Herman Schultz the surety in said bond, that Hall should at no time have a total credit with it on the purchase of beer under said contract, exceeding two car loads at any one time, and that it would not ship said Hall a third car load of beer until the first car load received by him should have been paid for, and it would not ship him a fourth car load until the second had been paid for, etc. The surety in said bond had the right to rely upon this implied undertaking on the part of the brewing company that it would extend credit and would make shipments to Hall only in accordance with the stipulations and provisions of said contract. It is elementary that the obligation of a surety is not to be extended beyond what the terms of the contract of suretyship fairly import. The surety has the right to stand upon the very terms of his contract, the exact letter of his bond, and if he does not consent to any variance of it and a variation is made, such variation operates to annul his contract and to discharge him from liability, and if the obligee in a bond given to secure the faithful performance of a contract, without right, does that which injures the surety or his rights, or fails to do that which the contract enjoins upon him as a duty to do, and such omission operates to the prejudice and injury of the surety in the bond, the surety is thereby discharged (Brandt on Suretyship, Sec. 397). In this case the defendant in error, Angie Schultz, in her original answer to plaintiff's amended petition, averred among other things that Herman Schultz, as surety, was released from the obligations of the bond in suit by reason of the fact "that the said Henry T. Hall was not required to pay for the first car load of beer, for which he was given credit, nor did he pay for the first car load of beer when he ordered the third car load of beer; that the said Henry T. Hall was not required by the plaintiff to pay for the second car load of beer when he ordered the fourth car load of beer; that the plaintiff wholly disregarded its contract with the said Henry T. Hall, and at no time required the said Henry T. Hall to pay for the beer as provided in the contract; that the said Henry T. Hall ordered and received from plaintiff on credit three car loads of beer before he paid for any part of the beer bought and ordered under the contract."

The demurrer of plaintiff to this answer being a general demurrer, these allegations were admitted to be true. These limitations as to shipments of beer, and the provisions and stipulations of said contract as to the times and manner of payment for the same were for the benefit and protection of the surety, and their observance by the brewing company was a condition precedent to its right to recover against the surety on said bond. It being admitted by the plaintiff, by its demurrer, that it had violated its obligation and engagement with the surety as recited in the contract and bond, it was without right to recover against such surety for a breach of said bond, especially when the breach complained of, and for which recovery was sought, might never have occurred but for such unauthorized and excessive shipments of beer by plaintiff in violation of the express provisions and stipulations of said contract. Again, this answer of defendant alleging as it did certain specific breaches of said contract on the part of the brewing company, was the equivalent of a denial and had the effect to put in issue the averment of plaintiff's amended petition that "Plaintiff performed all its part to be performed under said contract." Such performance on the part of plaintiff being, as we have seen, an essential prerequisite to its right to maintain an action on said bond, the effect of these averments in the answer was therefore to deny and put in issue a material averment of the plaintiff's petition. The matter thus pleaded, if admitted or proven, constituted a defense, and by way of denial tendered a material issue. The demurrer of plaintiff to said answer was therefore improperly sustained.

On the trial of this cause in the court of common pleas the court charged the jury in part as follows:

"The plaintiff brings this suit as upon a bond executed and delivered for the performance of a contract with said Henry T. Hall, and if you find by a preponderance of the testimony, that plaintiff, without the knowledge and consent of said Herman Schultz, violated the contract with Hall, and thereby increased the risk of said Schultz, then the said Schultz would be released from the obligations thereof, and your verdict would then be in favor of the defendant as administratrix. So that the main issue submitted to you by the pleadings and testimony is whether or not plaintiff and said Hall did change and modify and violate said contract as alleged by defendant, and if so, was it without the knowledge and

consent or acquiescence of said Schultz, and this puts the burden of proof upon said defendant, to prove and establish it by a preponderance of the evidence, and you are the sole judges of the credibility of the several witnesses and the credit to be given to them as to what they testified."

This charge was excepted to by the defendant, Angie Schultz, and was found and held by. the circuit court to be erroneous, in so far as the jury was thereby instructed that the burden of proof was on the defendant to show and prove that the violation of said contract by the brewing company was without the knowledge and consent of Schultz, the surety in said bond. As we have already seen when considering the demurrer, the contract in suit was conditioned and it provided that the brewing company would not ship to Hall the third car load of beer until he had paid for the first and would not ship him the fourth until he had paid for the second, and a compliance with these covenants and provisions on the part of the brewing company was an essential prerequisite to its right of recovery against the surety on said bond, and any violation of these covenants and conditions by the brewing company which increased the risk or liability of Schultz under said contract would discharge him as surety on said bond, and the failure on the part of the brewing company—obligee in said bond—to observe and comply with these provisions was the matter alleged and relied upon by defendant in her answer, as and for her defense. In its amended petition the brewing company averred that it had complied with and performed all the terms and conditions of said contract on its part to be performed, but the effect of the matters specially pleaded in the answer of Angie Schultz was, as above stated, to deny and put in issue this averment of plaintiff's amended petition, and upon the issue so tendered the burden was upon the plaintiff to show and prove performance on its part as averred in its petition. The defendant in this case, Angie Schultz, did not rely upon or plead a change or modification of the original contract, or the making and substitution of a new contract in its stead, but she relied upon the non-performance by plaintiff of the express terms of the contract in suit, performance of which were a prerequisite to its right to recover on said bond. Hence the authorities cited and relied upon by counsel for plaintiff in error in this case, relating as they do, in nearly every instance, to cases where

the defense relied upon and pleaded by defendant—was that of the making and substitution of a new contract—such as for the extension of time on negotiable paper, are without application.

The attitude of the defendant, Angie Schlutz, in this case is purely defensive, and her answer in effect merely a denial of the performance by plaintiff of the terms and conditions of said contract necessary to be performed by it in order to put the surety on said bond in default and to entitle plaintiff to recover thereon against him. If, as alleged in defendant's answer, there was on the part of the brewing company such failure to perform the terms and conditions of said contract as released the surety, then if the brewing company would excuse such non-performance on its part and relieve itself from the penalty of such violation because of the consent thereto of the surety in said bond, the burden is upon it to plead and prove such consent, and not upon the surety to show and prove that such failure to perform was without his consent. The denial by plaintiff in its reply of the allegations of defendant's answer pleading non-performance, was wholly unnecessary, inasmuch as it had already averred in its amended petition full performance of said contract on its part, and the effect of defendant's answer was simply to deny such averment. In this case no reply by plaintiff was necessary, and the filing of one did not have the effect to change the issue arising on the amended petition and the answer thereto, nor did it operate to shift the burden of proof. The charge as given was therefore erroneous.

*Judgment of the circuit court affirmed.*