Davis, J.
The plaintiff alleges that the defendant entered into a certain agreement for the purchase of eggs. He alleges that he has performed all of the conditions of the contract to be performed on his part. The defendant by a general denial disputes both of these allegations and thereby imposes on the plaintiff the burden of proving the contract as alleged and substantial performance thereof on his part. But the defendant admits that it entered into an agreement to purchase eggs from the plaintiff, which however dif *48 fers from the plaintiff’s version of the agreement in quantity, quality and route of shipment. The statement in the answer, of the facts as claimed by the defendant, does not constitute a distinct or affirmative defense, nor is it. a confession and avoidance. It is in effect a denial in particular of the contract and performance alleged in the petition; so that the burden of proof nevertheless remains with the plaintiff, as already stated, and it is not changed by the reply, which really adds nothing to the issues already made by the petition and answer, except the admission that the eggs were not shipped by the route by.which the defendant claims that the plaintiff agreed to ship them, but were shipped by what appears to have been an indirect and longer route.
Upon the trial in the court of common pleas, when instructing the jury and after stating the defendant’s claim, the court said: “As to this claim, the burden is on the defendant, and it must be . made out by a preponderance of the evidence, as it is denied by the reply. This claim of defendant assumes the same relation affirmatively, as the claim of the plaintiff.” For the reasons already stated this instruction to the jury was erroneous. 9 Cyc., 735, n. 91 and 92; Sorenson v. Townsend, 77 Neb., 499; Fudge v. Marquell, 164 Ind., 447, 455; 1 Ency. Pl. & Prac., 818; Mehurin v. Stone, 37 Ohio St., 49; Brewing Co. v. Schultz & Hall, 68 Ohio St., 407. If the evidence for the plaintiff’s claim is not sufficient to overcome the defendant’s denial and the evidence to support it, the jury are not authorized to find a verdict for the plaintiff. The importance of a correct application of these principles is apparent, since it ap *49 pears from the record that the only evidence to support the plaintiff’s version of the contract was the testimony of the plaintiff himself and the only evidence to support the defendant’s claim as to the quantity and quality of eggs to be delivered and the route over which the)' were to be shipped was the testimony of the defendant’s agent who negotiated for the purchase.
In submitting the case to the jury the court swept aside all questions as to the quantity purchased and as to the route by which the eggs were to be shipped, as follows: “If you find that defendant after the bill of lading was sent and received, showing by what railroad route the eggs were shipped, and also the bill of eggs showing the number of cases, and made no objection on that account until after an inspection of the eggs, the defendant would waive any question as to the number of cases, as well as the railroad route by which they were to be shipped.”
A waiver is a voluntary relinquishment of a known right. It may be made by express words or by conduct which renders impossible a performance by the other party, or which seems to dispense with complete performance at a time when the obligor might fully perform. Mere silence will not amount to waiver where one is not bound to speak. In this case the goods were perishable and exceedingly liable to be damaged by heat. The shipment was in the month of June and therefore the shortest and speediest route was a material condition. It is true that if the contract bound the plaintiff to ship by such a route, the defendant might have rescinded the contract on receiving the bill of lading showing a shipment on another and more hazardous route; but he was *50 not bound to do so then. He might wait until inspection because inspection might show that the goods were not damaged, and he could then accept them or if damaged reject them. The purchaser therefore waived no right by waiting and the seller lost none, because the latter had already made a breach of his contract and could not remedy it/ The same was true as to the quantity of eggs purchased. The purchaser was at liberty to accept all the eggs shipped to it, although in excess of the amount which it agreed to buy, or it might have accepted out of the excessive shipment the quantity which it agreed to buy; but it was not bound to do either. Mechem on Sales Section 1157-1161, and when it rejected the whole shipment it did not put the plaintiff in any worse position, for upon the hypothesis that the contract was as defendant claims, the plaintiff had already failed to perform his part of the contract.
The theory of plaintiff’s counsel and of the courts below, that because in a telegram to plaintiff the defendant assigned only one ground for refusal to accept, viz., that the eggs “did not stand inspection,” it waived all other grounds it might have, is not tenable. We do not deny that under some circumstances a refusal to accept goods for a stated reason may operate as a waiver of other objections, which might have been properly made. This may be so in cases where the silence of the purchaser and his conduct operate to mislead the seller and prevent him from protecting himself, in other words, where the conduct of the buyer' would raise an estoppel against him. See Johnson v. Oppenheim, 55 N. Y., 280, 291; Smith v. Pettee, 70 N. Y., 13, 16-17. But when the buyer has absolutely rejected the goods, for whatever reason, *51 his silence as to other objections which would justify his refusal to accept, when unaccompanied by conduct which may have misled and prejudiced the vendor, can not be construed as a waiver of the buyer’s right to insist on his plea of nonperformance on those grounds. The reason which underlies this proposition is that a waiver must be voluntary, that is intentional, with knowledge of the facts and of the party’s rights, or it must be implied from conduct which amounts to estoppel. Therefore, since it does not appear in this case that the defendant, when it notified the plaintiff that it refused to accept the eggs for-inferior quality, intended to waive objections as to quantity and change of route; or. that the failure to notify plaintiff of those objections in any material way misled or prejudiced the plaintiff, a waiver of such objections can not be implied.
Moreover, the plaintiff stands upon his averment that he has performed all the conditions precedent on his part. If he would show a waiver of conditions he must aver it as an excuse for nonperformance of such conditions. Eureka Fire & Marine Ins. Co. v. Baldwin, 62 Ohio St., 368. The court went outside of the issues to tell the jury that non-performance of certain conditions was waived. This was an error and it could not be corrected, as suggested by counsel, by amending the petition to conform to the facts proved, because the facts proved do not constitute a waiver.
The judgments of the circuit court and the court of common pleas are

Reversed.

Crew, C. J., Summers, Spear, Shauck and Price, JJ., concur.