Crew, J.
The only assignment of error which we deem it important to notice in this opinion is that relating to the charge of the court touching the question of where and with whom rested the burden of proof in this case. Upon the trial of this cause in the court of common pleas, the evidence and arguments being closed, the court among other things instructed the jury that under the pleadings the burden of proof upon the issues joined was upon the plaintiff, and refused to charge as requested by counsel for the plaintiff, “that the burden of proof was upon the defendant to establish the defense set up in his answer.” The circuit court found and held that the instruction given, which imposed upon plaintiff the burden of proof, was erroneous, and for that reason and upon that ground alone reversed the judgment of the trial court, in this we think the circuit court erred. The petition of plaintiff in this case was *133 upon an account for services rendered and was in the short form authorized by Section 5086, Revised Statutes, which section so far as its provisions are here material reads as follows: “In an action * * * upon an account * * * it shall be sufficient for a party to set forth a copy of the account * * * with all credits * * * thereon and to state that there is due to him on such account * * * from the adverse party a specified sum which he claims with interest.” By the enactment of this statute the legislature obviously intended that the statements therein prescribed, when adopted by the pleader, should be held the equivalent of, and should imply and import all that it would otherwise be necessary to specifically allege in the statement of a sufficient cause of action. Hence, every fact thus averred by implication must be held to be traversed and put in issue by the general denial. In the present case the defendant, A. W. Johnson, by way of answer, in addition to pleading the general denial, further alleged that the services counted upon by plaintiff in his petition were services performed' by him under and pursuant to an express agreement made and entered into between plaintiff and defendant the terms of which were fully set out in said answer. After the general denial, the pleading of this contract was wholly unnecessary, for it tendered no new or separate issue and in legal effect amounted only to a denial of the averments of plaintiff’s petition; it was not a plea of new matter by way of confession and avoidance, hence no reply thereto was necessary, and the reply filed - was without *134 legal effect to either change or enlarge the issues, or to shift the burden of proof. The attitude of the defendant under the pleadings in this case was purely defensive, and his answer in legal effect merely a denial of the cause of action asserted by plaintiff in his petition. The burden of proof was therefore on the plaintiff, and the court of common pleas properly so instructed the jury. Simmons v. Green, 35 Ohio St., 104; Mehurin v. Stone, 37 Ohio St., 49; The Koppitz-Melchers Brewing Co. v. Schultz, 68 Ohio St., 407; The List & Son Co. v. Chase, 80 Ohio St., 42; Ginn v. Dolan, 81 Ohio St., 121; 9 Cyc., 735. It would seem from the opinion of the circuit court in this case, — which opinion we now have before us, — that notwithstanding that court entertained the view that the rule as herein above announced is the correct rule, it nevertheless felt constrained to enter the judgment it did, because of the interpretation placed by it upon a former decision of this supreme court. The circuit court in its opinion says: “If the matter were one of first impression with us we should approve this rule (that the burden of proof was on the plaintiff), but we feel bound by the rule of Sanns et al. v. Neal, 52 Ohio St., 56, which we cannot distinguish in its application to the facts of that case from its equal application to the facts of this case. * * * Though logic would seem to require the plaintiff to prove as in other cases in its entirety, the contract on which his account is based, we bow reluctantly to authority and reverse the judgment for error in charging upon the burden of proof and in refusing to charge as re *135 quested.” In thus yielding deference to the supposed controlling effect of the decision in Sanns v. Neal, supra, we think the learned circuit court misconceived and incorrectly interpreted the scope of that decision. While certain of the language found in the majority opinion in that case is seemingly perhaps, at first glance, opposed to the conclusion reached by us in this case, yet, when the facts of that case are fully considered we very much doubt if the court thereby intended to decide anything which we are called upon to overrule or reverse in The present case. In that case, which was also an action on account for services rendered, the defendants in their answer after pleading the general denial, by way of further and particular defense alleged that all of the services performed by plaintiff were performed by him under a special contract and that full payment therefor according to the terms of said contract had been made to the, plaintiff, and while the rendition of the services sued for was put in issue by the general denial, performance of such services by the plaintiff and that he was entitled to compensation therefor was not in dispute, but on the trial was admitted by the evidence of defendants themselves. The performance of the services being admitted this averment of special contract and plea of payment under and pursuant thereto was more than a mere denial, it was in legal effect the assertion of an affirmative defense, the burden of maintaining'which was on the defendants. These facts we think so far differentiate and distinguish that case from the case at bar, as to leave it without *136 controlling effect in the determination of the present case.

The judgment of the circuit court reversed and the judgment of the court of common pleas affirmed.

Summers, C. J., Spear, Davis,' Shauck and Price, JJ., concur.