Coffman, &c., vs. Wilson, &c.

CASE 49—PETITION ORDINARY—JANUARY 20.

# Coffman, &c., vs. Wilson, &c.

**APPEAL FROM HARRISON CIRCUIT COURT.**

1. Sureties sued upon a note rely that when the principal applied to them to sign it as his sureties, they agreed to sign, and did sign it, upon the condition that two other solvent persons would also sign it, of which condition and its breach plaintiffs had notice before the note was delivered to them. *Held*—That it is a valid defense.

2. Demurrer to defendants' answer sustained, and thereupon judgment against them in the action. That they did not at the time except to the decision of the court upon the demurrer, does not prevent them from availing themselves upon appeal of the error committed in sustaining it.

WARD for appellants.

W. W. TRIMBLE, for appellees, cited *Civil Code, secs.* 363, 364, 365, 366.

JUDGE DUVALL DELIVERED THE OPINION OF THE COURT:

This was an action on a note executed by Coffman as principal, and by Redmon and January as his sureties.

The two latter filed an answer, setting up the following defense : That when Coffman applied to them to sign said note as his sureties, they agreed to do so, upon the condition that William Redmon and John Redmon, or two other solvent persons in their stead, would also sign it, and upon no other condition whatever; and upon this agreement they signed the note; and the plaintiffs had full notice of the terms upon which these defendants signed said note, before and at the time it was delivered to them; and, therefore, they say the note is not their deed, and that the plaintiffs have no right to recover.

To this answer the plaintiffs demurred; the demurrer was sustained by the court, and judgment for the amount of the note was rendered against the defendants, from which judgment they prosecute this appeal.

We are unable to perceive any valid objection to the sufficiency of this answer. The only ground upon which the judgment upon the demurrer is attempted to be sustained in the argument is, that the answer does not show that the note was

delivered by the two sureties, as an *escrow*, to Coffman, and not to be delivered unless other parties signed it.

But is it not clear that such is the legal effect of the agreement stated in the answer? The sureties agreed to sign the note, and did sign it, upon the condition and agreement that two other solvent persons would also sign it. Of course, then, they were not bound, nor were they to become bound, as obligors, until the condition mentioned had been performed; and the appellees, having notice of this condition, and of the breach of it, before the note was delivered to them, took subject to the right of the appellants to avail themselves of the benefit of that condition. According to the statements in the answer, the instrument was incomplete, and not obligatory upon the appellants, and could only become so upon the performance of the condition on which the obligatory effect of the instrument was, by express agreement, made to depend, in the hands of a holder with notice.

We are therefore satisfied that the answer presented a valid defense to the action.

But it is said that the appellants cannot avail themselves of the error of the court in sustaining the demurrer to the answer, because they did not, at the time, except to that decision of the court.

No exception was necessary, however. The demurrer presented an issue of law, and this issue was *tried* by the court.

According to section 341 of the Code, a trial is a judicial examination of the *issues*, whether of law or of fact, and all issues of law must be *tried* by the court. Upon the trial of the issue of law presented by the demurrer in this case, there was a judgment against the appellants, upon which a final judgment for the debt was rendered against them.

It is clear, we think, that these, and similar judgments of the court, do not come within either the letter or spirit of the rule which requires that a party objecting to a decision of the court upon a matter of law in the progress of a trial, must except at the time of the rendition of such judgments. This court has repeatedly decided that final judgments, whether upon issues of law or fact, need not be excepted to.

As it regards the matter of defense relied upon by Coffman, we are of opinion that, upon the whole evidence, the court below properly refused to allow the credit claimed by him ; and as to him, the judgment is affirmed.

But for the error mentioned, the judgment against Redmon and January is reversed, and the cause remanded with directions to overrule the demurrer to the answer, and for further proceedings not inconsistent with this opinion.