JUDGE PETERS
delivered the opinion oe the court:
This action was brought by appellant on a note executed to him by John H. Bivins, as principal, and appellee, as his surety.
Appellee defended the action, and alleged in his answer that he signed the note upon the condition that M. H. Bivins and Thos. T. Bivins would also sign it, they being then solvent, and that the terms and conditions upon which he signed the note were known to appellant at the time he signed it, and at the time it was delivered to him, and, as the condition upon which he signed it was not complied with, he is not bound to pay it.
A demurrer was put in to that answer, which was overruled by the court below, which presents the first question for our consideration.
The proper, and perhaps, the only interpretation to be given to the language employed in the answer, is, that appellee signed the noté, to be obligatory upon him upon the condition that the two individuals named signed it as his co-sureties, and that the note was left with his principal to procure the names of the other sureties to be signed to it, and that these facts *79 were known to appellant at the time the note was delivered to him.
Admitting, (as the demurrer does,) that the statements in the answer are true, the note, at the time app ellee signed it, was incomplete, and was to be obligatory upon him upon the condition that M. H. and Thos. T. Bivins signed it, of which condition appellant was apprised, and, if he accepted the note before the condition was performed, he took it subject to the right of appellee to avail himself of the non-performance of the condition.
The answer, therefore, presented a valid defense to the action, and the demurrer was properly overruled. (Coffman, &c. vs. Wilson, &c., 2 Met., 542.) But are the allegations of the answer sustained by the proof? We think they are n^t.
Giving to the evidence all the advantages of a most liberal interpretation, it amounts to this : that appellant and John H. Bivins, the principal, went to appellee when he was applied to by his principal, out at the yard fence, to execute the note as his surety, which he consented to do, provided he would get the two Bivins, to sign the note also; this he promised to do, and this agreement between them may have been, and most probably was, heard by appellant. All three of them then went into the house, where the note was written, signed'by the principal and appellee., and then delivered to appellant, without a word having been said to him that any other person was to sign it before it was to be obligatory on the surety, or that it was to be-signed by any other persons at all; indeed it does not appear that anything was said in the house about the note except that directions were given to Frazier to write it.
Appellant had no conversation with appellee in relation to the note during the negotiation. J. H. Bivens promised to give him a note with appellee as his surety for his horse; he was willing to take such a note; they went there for the purpose of having the note executed, and, after the conversation at the yard fence between the principal and appellee, which appellant may or may not have heard, they all went into the house, and the note was executed and delivered to appellant.
*80 If appellee did not intend to be bound until the other parties signed the note, it was his duty to object to the delivery of it to appellant until the condition was performed, or, upon its delivery, to have informed him distinctly that he would not be responsible until the other parties signed it. If this had been done, appellant, (as may be assumed,) would not have parted with the possession of his horse until the other two names were signed to the note ; but, having failed to do it, appellant may well have concluded, even if he heard the conversation at the fence, that appellee had become willing to take the responsibility upon himself, and dispense with the previous agreement.
We are, therefore, of opinion that the conclusions to which the circuit judge came, (the law and facts having been submitted to him,) were unauthorized by the proof. Wherefore, the judgment is reversed, and the cause remanded for a new trial and for further proceedings consistent with this opinion.