## J. W. TERHUNE v. REBECCA ADAMS.

**Principal and Surety—Conditional Signing by Surety.**
    One who signs a note as surety with the understanding that the note is not to be delivered until certain others have also signed as sureties, delivery of the note without procuring the signatures of the others as sureties will not render him liable on the note.

**Principal and Surety—Breach of Agreement—Counterclaim by Surety.**
    Where a surety on a note is sued, he may set up a counterclaim for damages against the plaintiff for breach of agreement to procure others to sign as sureties, where the maker has become insolvent.

APPEAL FROM MERCER CIRCUIT COURT.

October 25, 1873.

OPINION BY JUDGE PETERS:

In the first paragraph of the answer of appellant, it is, in substance, alleged that appellee had constituted one David Vanarsdell, her agent, to loan her money to J. Tewmey, on condition that appellant and J. K. Wilson would become bound on a note as sureties for said Tewmey; that the latter had told said agent

that B. V. Brewer and W. H. Terhune would also become his sureties on the note for the money; that said Vanarsdell presented the note sued on to him to sign as the surety of said Tewmey, and told him at the time that the said Wilson, Terhune, and Brewer would also sign said note as joint sureties with him; that upon the assurance to him by Vanarsdell that the persons named would also sign said note, he signed and delivered it to said Vanarsdell, who promised and undertook that said Wilson, Brewer and Terhune, all of whom were good and solvent at that time and still are so, even now when the principal on the note is insolvent, should sign said note as joint sureties with him before it was to be binding and obligatory on him, all of which he alleges appellee was apprised of before and at the time said note was delivered to her; but that she and her agent, each of them, failed and wholly neglected to procure the signature of said Brewer and W. H. Terhune to said note, though they did procure said Wilson to sign said note upon the same terms and conditions that he, himself, signed it. He therefore says that said note is not obligatory and binding on him.

In the second paragraph of the answer, the facts pleaded in the first paragraph are repeated and amplified, with the allegation that the principal in the note is insolvent; and it then concludes with an averment that by the failure on the part of appellee and her agent to perform their promises and undertakings with appellant, he had sustained damages to the amount of $450, which he pleads as a counterclaim to appellee's demand.

The third paragraph contains an allegation of the amount of usury included in the note, with a prayer that it be purged of the usury. To the first and second paragraphs demurrers were sustained, and appellant declining to plead further, judgment was rendered against him, and he here seeks a reversal of that judgment.

In Coffman et al. v. Wilson et al., 2 Met. 542, the defendants below filed their answer, in which they stated that when Coffman applied to him to sign said note as his sureties, they agreed to do so upon condition that Wm. Redmon and John Redmon, or two other solvent persons in their stead, would also sign it, and upon no other condition whatever; that upon this agreement they signed said note; and that the plaintiffs had full notice of the terms upon which these defendants signed said note before

and at the time it was delivered to them; and therefore they say the note is not their deed and the plaintiffs have no right to recover. A demurrer was sustained to that answer by the court below, but this court reversed the judgment, with directions to overrule the demurrer, and said in the opinion, "We are unable to see any valid objection to the sufficiency of the answer."

In Vivins v. Helsley, 4 Met. 78, a similar defense was adjudged available as a bar to the action. Nor is there any conflict between these cases and the case of Hubble v. Murphy which has been twice in this court, and is first reported in 1 Duvall 279. When this court says that a surety, who, by signing a note and leaving it with his principal, apparently authorizes him to deliver it to the payee without other signatures, will not be permitted to defraud an innocent holder by showing a condition secretly imposed upon the principal. But a payee will not be permitted to defraud a surety by receiving a note from the principal with notice that he had no authority to deliver it. The note in that case was delivered to the payee, with the promise to obtain the signature of Goode to it, also; but Hubble did not in his answer, allege that he had sustained any damage by the failure of Murphy to obtain the signature of Goode to the note; and for that reason the court declined to decide whether the defendant, with proper averments, could not rely on the plaintiff's failure to perform his promise, and that such a defense would not constitute a counterclaim. But the judgment was reversed on another ground, and upon its return an amended answer was filed in the court below, setting out the agreement of the payee in the note, to obtain the name of Goode to it, and the damage which resulted to the surety by his failure to carry out his promise, upon which an issue was formed. On the trial the court instructed the jury that if the note was signed by Hubble as the surety of Lyon, and left with plaintiff with an understanding and agreement that he was to procure the name of L. C. Goode as co-surety with defendant, Hubble, before the note was to be obligatory on defendant, and he failed to procure said name, the plaintiff is responsible to the defendant for any damages he may have sustained by reason of such failure; and the jury, in arriving at the damages, may take into consideration the solvency of Goode, and the insolvency of Lyon. Verdict and judgment were rendered in favor of Hubble in the court below, and on an appeal to

this court the judgment was affirmed. Hubble v. Murphy, 2 Duvall 247.

In all these cases there is no conflict. In the last named case the surety did not plead the failure of the payee in the note to obtain the signature of Goode, who was solvent, as a discharge from all liability, but as a counterclaim, and claimed damages to the amount of one-half the note, the extent of his liability if the signature of Goode had been obtained; but in Coffman et al. v. Wilson, supra, the surety pleaded the failure to obtain the promised signature as a special plea of non est factum. The difference is in the manner of pleading, and not in principle.

The two paragraphs of the answer presented a good defense to the action. Wherefore the judgment is reversed and the cause is remanded with directions to overrule the demurrer to the first and second paragraphs of the answer, and for further proceedings consistent herewith.

*Bell, for appellant.*

*Kyle, Poston, for appellee.*

