INHABITANTS OF NORRIDGEWOCK

*vs.*

EDWARD C. HALE and others.

Somerset.   Opinion June 2, 1888.

*Towns.   Collectors of taxes.   Town treasurer.*

When the same person is town collector and town treasurer, and, as treasurer pays to the state treasurer the school fund and school tax, charges the same as paid by him as collector, and it is allowed to him in his settlement of his collections, the town cannot hold his sureties on his collector's bond therefor.

The office of town treasurer is an annual office; and the sureties on his official bond are not held for any of his misappropriations of the town's money made after his official year has expired and before his successor had been qualified, notwithstanding the bond stipulated that he should "well and truly perform his trust as treasurer during the time for which he was chosen and until another should be chosen in his stead."

ON report.

The case is stated in the opinion.

*S. S. Brown*, for plaintiffs.

The evidence in the case clearly and fully shows that there is now due the town from Edward C. Hale, and his sureties on his collector's bond, the sum $2632.48, in his capacity as collector for 1877. The town has been compelled to pay the state and county tax for him and he must be held for that. *Richmond* v. *Toothaker*, 69 Maine, 451.

The fact that the treasurer's book has been looked over by the town auditor and pronounced correct can have no weight. Even the selectmen would have no authority to discharge a collector from a legal liability gratuitously, even if they intended to do so, without a vote of the town. *Farmington* v. *Stanley*, 60 Maine, 475. In the case of *Wellington* v. *Lawrence*, 73 Maine, 125, the court held that the town treasurer had no authority to use the town funds in his hands as treasurer to pay state and county tax.

*D. D. Stewart*, for the defendants, cited: *Trescott* v. *Moan*, 50 Maine, 352; *Machiasport* v. *Small*, 77 Maine, 110; *Richmond* v. *Toothaker*, 69 Maine, 457; *Wellington* v. *Lawrence*, 73 Maine, 125; *Treat* v. *Orono*, 26 Maine, 217; *Arlington* v. *Merricke*, 2 Saun. 403; *Wardens of St. Savoirs* v. *Bostick*, 2 New Rep. 175; *Hassell* v. *Long*, 2 Maule & S. 363; *Peppin* v. *Cooper*, 2 B. & Ald. 431; *Leadley* v. *Evans*, 2 Bing. 32 (9 E. C. L. R. 306); *Barker* v. *Parker*, 1 T. R. 295; *Liverpool Water W. Co.* v. *Atkinson*, 6 East. 508; *Boston Hat M'f'g Co.* v. *Messinger*, 2 Pick. 234; *Bigelow* v. *Bridge*, 8 Mass. 275; *Amherst Bank* v. *Root*, 2 Met. 522; *Bank* v. *Dandridge*, 12 Wheat. 69; *Com.* v. *Kane*, 108 Mass. 423; *McGahey* v. *Alston*, 2 M. & W. 211; Broom's Leg. Max.

848 ; Co. Litt. 6 (b) 332 ; *Chelmsford Co.* v. *Demarest*, 7 Gray, 1 ; *Hatch* v. *Attleborough*, 97 Mass. 533.

VIRGIN, J. One of these actions is on a town collector's official bond and the other on a treasurer's, both for the municipal year of 1877. As he was both collector and treasurer that year, the principal is the same in both bonds, so in fact are the sureties.

Instead of being first sent to an auditor (R. S., c. 82, § 69 ; *Phipsburg* v. *Dickinson*, 78 Maine, 457), the cases are reported directly to this court, a practice not to be encouraged.

The collector kept no record of his account with the town, but did keep at least a partial one as treasurer.

The report shows that the taxes were duly assessed and amounted to fourteen thousand seven hundred and forty-four dollars and eighty-nine cents, which sum included the state tax of one thousand nine hundred and thirty dollars and thirteen cents, and the county tax of seven hundred and two dollars and thirty-five cents ; and lists thereof with a warrant "admitted to be in the usual form," were committed to the collector. He was therefore bound to account for the whole amount thus committed to him. *Gorham* v. *Hall*, 57 Maine, 61-2. And he did so, as appears by the statement of a settlement with the assessors on March 7, 1881. This statement shows that he was credited with the payment of both state and county taxes as evidenced by the following item therein : "By state and county tax, two thousand six hundred and thirty-two dollars and forty-eight cents," that sum being the aggregate of the two taxes named.

But the certificate from the state treasurer, "admitted by agreement instead of any formal evidence of the same facts" — shows that he did not, as collector, but did as treasurer, pay the state tax by offsetting the school fund and mill tax amounting to eight hundred seventy-two dollars and sixty-five cents, and the balance (one thousand fifty-seven dollars and forty-eight cents) in money. And the treasurer's own account with the town, wherein he charges the town : "To cash paid E. H. Banks, one thousand nine hundred and thirty dollars and thirteen cents, less school fund and mill tax, eight hundred seventy-two dollars and

sixty-five cents, one thousand fifty-seven dollars and forty-eight cents," shows the same fact — that he, as treasurer and not as collector paid the state tax.

Moreover, the treasurer's account with the town contains the following items : "September 26, 1877, to cash paid H. C. Hall, county treasurer, one hundred dollars ; December 29, 1877, to cash paid H. C. Hall, county treasurer, three hundred dollars ; March 12, 1878, to cash paid H. C. Hall, county treasurer, three hundred and two dollars and thirty-seven cents," these sums aggregating seven hundred and two dollars and thirty-seven cents — the amount of the county tax for 1877. Hereupon the plaintiffs contend that as the collector did not in fact pay either of these taxes, but was by mistake allowed for the payment of them in his settlement with the town on March 7, 1881, the error should be corrected and their amount charged against him in this action on his bond.

To be sure it was the duty of the collector, and not of the treasurer, to pay these taxes as directed in his warrant ; and when he had paid the state tax, then and not before, the school fund and mill tax became payable to the town treasurer. But as the treasurer did pay them and misappropriated the money by loaning it to the collector for that purpose, and the collector was allowed therefor, they must be allowed as in that settlement and the treasurer look to the collector for reimbursement. *Wellington* v. *Lawrence*, 73 Maine, 125. Having therefore, accounted for all the taxes committed to him as collector, the action on the collector's bond cannot be maintained.

Treasurer's bond. As before seen, the treasurer's account with the town shows that he, as treasurer, in fact paid the county tax and the state tax with the aid of the school fund and mill tax.

Hence the plaintiffs contend that the town has allowed the payment of them twice — once to the collector and again to the same person as treasurer, and for this misappropriation of the town's money, it is claimed that the treasurer's bond is holden.

On the other hand, the defendants contend that, although the treasurer's account shows the fact of his having paid these taxes,

still that there is no evidence in the report that their payment was allowed to him as treasurer, but that the stated settlement of the treasurer with the town approved February 2, 1880, by the town auditor, contains no such items. And such is the fact, as an inspection of that settlement shows — unless the amount of these taxes is included in some of the large items, the truth of which we have no means of testing.

But assuming that the town has allowed these sums in the treasurer's account, then we do not think they can be charged against his bond as treasurer for the municipal year of 1877. The office of town treasurer is an annual office. When an office is annual in fact, the bond covers only the official acts of the year for which it was given. *Arlington* v. *Merricke*, 2 Saund. 411; *Bigelow* v. *Bridge*, 8 Mass. 275. And the fact that the bond contains the clause which in terms extends the liability "until another is chosen and sworn in his stead," does not, like a statutory clause of the same import, extend the legal liability beyond the expiration of the municipal year. *Amherst Bank* v. *Root*, 2 Met. 542; *Chelmsford* v. *Demarest*, 7 Gray, 4; *Dover* v. *Twombly*, 42 N. H. 59 and cases there cited.

Upon recurring to the report, we find that the municipal year of 1877 expired on March 11, 1878, when the annual election for the year 1878 was held. And the case shows that three hundred and two dollars and thirty-seven cents of the county tax was paid March 12, 1878, the first day of the next municipal year, and the state tax March 16, 1878, neither of which payments was within the year for which the bond in suit was given.

> *Judgment for the defendants*
> *in both cases.*

PETERS, C. J., WALTON, FOSTER and HASKELL, JJ., concurred.

LIBBEY, J., concurred in the result.