CONNOR, J., dissenting, arguendo; WALKER. J., concurring in dissenting opinion.
The defendants Allen and Hudson were sureties upon a note executed 1 May, 1904, by defendant Jones to plaintiff for $2,948.45. On 4 January, 1905, the said Allen and Hudson were asked by plaintiff's cashier to sign a new note for $3,091.56, which they testified that they agreed to do on condition that one C. T. Johnson (who was not on the former note) would also sign as surety, and if he did not, they would not sign; that they signed the note upon that agreement and left it with said cashier; that C. T. Johnson has not signed said note; that the cashier; however, held the old note till the directors accepted the new note, whereupon he surrendered the note of 1 May, 1904, to Jones, the principal therein. The plaintiff in its replication contended that the note of 4 January, 1905, was merely a renewal of the note of 1 May, 1904, though the latter had been surrendered, and if the renewal note of 4 January, 1905, was invalid for the reason above stated, recovery could be had for the principal and interest of the note of 1 May, (421) 1904.
The court announced at the conclusion of the evidence that he would charge the jury that, if they believed the evidence, both notes represented the same indebtedness, and inasmuch as C. T. Johnson had not signed the first note his failure to sign the second note would not discharge the sureties, Allen and Hudson; whereupon they submitted to judgment and appealed. The court entered judgment upon the first note for $2,599.27, with interest from 15 March, 1906, being the sum due thereon, deducting credits. "Where a person has become surety upon faith of the creditor's representation that another will become cosurety, he is not bound if that other person does not join, and in equity it makes no difference that the guaranty was under seal." Pollock Cont., 470. This case differs from Gwynv. Patterson. 72 N.C. 189; Barnes v. Lewis, 73 N.C. 138, and Bank v.Hunt, 124 N.C. 171, for in each of those cases the agreement was between the principal and surety, and its breach could not affect the creditor. Here the contract was between the *Page 314 
creditor and the surety. Its breach therefore absolved the sureties from any liability upon the second note. Cowan v. Baird, 77 N.C. 202; 1 Brandt Suretyship (3 Ed.), secs. 449, 451.
But the note of 1 May, 1904, set up in the replication, was not paid by the inchoate and incomplete note of 4 January, 1905. "When a new note is given for an antecedent debt the presumption is that it was not intended as an extinguishment unless there be proof that such was the intention." Hyman v. Devereux, 63 N.C. 627, citing numerous authorities. Here, upon the defendants' own contention and evidence, there was nothing given in lieu of the first note, the inchoate note of 4 January, 1905, being incomplete and void. The position of the creditor and the liability of the defendants were in no wise changed, and the unadvised surrender of the first note before the second was perfected did not (422) pay off nor cancel the first note. His Honor properly held that the burden of proving payment or discharge was on defendants. If the new note had been perfected with an additional surety, this would have presented a different case. This would have been a new contract in discharge of the old, unless an intention to hold the second as additional security had been shown.
No error.