Sellers et al. v. Territory ex rel. County Attorney.

authorities therein cited, and 4 Am. & Eng. Enc. of Law [2d Ed.] pp. 896-898, and authorities therein cited.)

From the authorities above quoted and from many others we have examined, and from the facts alleged in the petition, governed by the general rules of pleading, we conclude that the petition stated a cause of action, and that a general demurrer thereto was properly overruled by the trial court.

The judgment, therefore, should be affirmed.

By the Court: It is so ordered.

---

## SELLERS *et al.* v. TERRITORY *ex rel.* COUNTY ATTORNEY.

No. 1244. Opinion Filed November 18, 1911.

Rehearing Denied February 6, 1912.

(121 Pac. 228.)

1. **PRINCIPAL AND SURETY—Bond—Release of Sureties.** Defendant signed a bail bond at the request of a cosurety, relying upon the promise of the cosurety to obtain the signature of another person as surety before the bond was approved or filed, but without making the signature of the other person a condition precedent to the taking effect of the bond. The bond was approved and filed and the principal released without the signature of the third person. **Held,** that defendant was liable on the bond.

2. **COURTS—Admission of Territory—Action—Entitling.** A suit instituted in the name of the territory of Oklahoma, prior to the admission of the state into the Union, may proceed by the same title after the admission of the state.

(Syllabus by Rosser, C.)

*Error from Greer County Court;
Jarrett Todd, Judge.*

Action by the Territory of Oklahoma, on the relation of the County Attorney, against Jim Sellers and others. Judgment for plaintiff, and defendants bring error. Affirmed.

*Thos. W. Conner* and *C. C. Wells,* for plaintiff in error.

*H. D. Henry,* Co. Atty., for defendant in error.

Opinion by ROSSER, C.   This is an action upon a bail bond of Jas. P. Sellers, upon which the other two defendants, W. B. Henry and G. F. Border, were sureties.   The bond was forfeited regularly upon the nonappearance of the principal. The county attorney brought suit, alleging the execution of the bond and its forfeiture.   The parties filed a stipulation as to the facts, which is as follows:

"The defendant G. F. Border was not personally acquainted with the defendant James P. Sellers, and was induced to sign the bond sued on as one of the obligors by and upon the representation then made to him by defendant W. B. Henry.   The representations so made to G. F. Border by W. B. Henry were as follows:   W. B. Henry went to the office of G. F. Border and asked him to come across the street to another office and sign a bond to get Jim Sellers out of jail, saying: 'It is just a matter of form.   There is no danger.   It is all understood by the officers, including the county attorney.  ·Sellers is to be a witness in a case for the territory, and the officers want him out of jail.   Deputy Sheriffs A. C. Bragg, C. C. Rogers, and myself will stand good for it and see to it that you don't have to pay anything.   Rogers and I will sign the bond, and Bragg will stand good for your part of it; but he does not want to sign it for political reasons.   Just come over and sign it with me, and I will get Rogers to sign it before it is approved or filed.   Just ·a matter of form, no danger in it, and, in any event Bragg, Rogers and I will protect you.   Sellers is charged with stealing a mule; but he is not going to be prosecuted in consideration of his giving testimony against the man who was with him in stealing the mule.   The bond is to get him out of jail away from the fellow, and you take no risk in signing it.'   G. F. Border would not have signed the bond but for the foregoing representations so made to him by W. B. Henry, and he believed and relied upon those representations.   He simply signed the bond, qualified thereon, and went back to his office, expecting C. C. Rogers to sign it before it was filed or approved, and believing that it was simply a formal matter, and that the sheriff's force and the county attorney would see to it that he was held harmless.   A. C. Bragg, C. C. Rogers, and W. B. Henry were at the time deputies under John B. Overton, who was sheriff of Greer county, Okla.   J. B. Overton, sheriff, afterwards approved and filed the bond in the case of the Territory of Oklahoma v. James P. Sellers, and in consideration thereof released the said James

P. ˙Sellers from custody.    Overton had no conversation with Border and was not present when W. B. Henry made the aforesaid representations.    Overton had no part in the inducement to Border to sign the bond, and simply approved and filed the bond when it was handed to him by Henry and Rogers, after Border had signed it and left it with Henry for Rogers to sign. This agreement is not to prejudice a right of an appeal or trial *de novo* in district court.    Chas. M. Thacker, Attorney for plaintiff.    C. C. Wells, Attorney for defendants."

Where a person becomes surety on a bond upon the condition that the bond will not become effective until other named persons also sign as sureties, if the obligee in the bond has notice of this condition, the surety cannot be held liable.    *Wm. Lemp Brewing Co. v. Secor,* 21 Okla. 537, 96 Pac. 636; Childs, Suretyship & Guaranty, sec. 6, and authorities there cited.    If, however, the obligee in the bond has no notice of this condition, the surety will be responsible, notwithstanding the condition made.    *Dair v. United States,* 16 Wall. 1, 21 L. Ed. 491; *State v. Potter,* 63 Mo. 212, 21 Am. Rep. 440 (an exhaustive opinion with a full review of the authorities); *Gibbs v. Johnson,* 63 Mich. 671, 30 N. W. 343.

It is no defense to the surety, however, that he signs a statement upon a mere representation or promise that a third person will sign before it is delivered.    *Trustees of Schools v. Sheik,* 119 Ill. 589, 8 N. E. 189; *Readfield v. Shaver,* 50 Me. 36, 79 Am. Dec. 592; *State v. Gregory,* 119 Ind. 503, 22 N. E. 1; *Simpson v. Bovard,* 74 Pa. 351; *Whitaker v. Richards,* 134 Pa. 191, 19 Atl. 501, 7 L. R. A. 749, 19´ Am. St. Rep. 684; *Risse v. Hopkins Planing Mill Co.,* 55 Kan. 518, 40 Pac. 904; *State v. Thatcher,* 41 N. J. Law, 403, 32 Am. Rep. 225; *Traill v. Gibbons,* 2 Fost. & F. 358.    In the case of *Trustees of Schools v. Sheik,* 119 Ill. 579, 8 N. E. 189, Reitz promised the sureties that he would sign the bond before it was delivered.    In the course of the opinion the court says:

"If the bond had been signed by the sureties upon the condition that it should not be delivered to the trustees until executed by the treasurer, and if the trustees had received notice of such condition, or notice of such facts pointing to such a con-

dition as might put a prudent person on inquiry, before the bond was approved, then they could not be regarded as innocent holders of the instrument, and entitled to maintain an action upon it. But the sureties, as appears, did not sign the bond on such a condition, but executed the instrument, and relied merely upon the promise of the treasurer that he would before delivery of the bond sign it."

The sureties were held liable.

Then the first question is: Did Border sign the instrument upon the condition that Rogers would also sign, or did he in signing it merely rely upon the representation that Rogers would sign? As appears from the statement of facts, Henry said to Border: "Just come over and sign it, and I will get Rogers to sign it before it is approved or filed." It does not appear that Border made the signature of Rogers a condition precedent to the delivery or taking effect of the bond. It is true he relied upon the representation, and would not have signed if he had not believed Rogers would also sign; but that does not help him. He could have made the signature of Rogers a condition, and, not having done so, he cannot, after the instrument was filed and the prisoner released, escape liability because the other surety did not keep his promise with reference to obtaining Roger's signature. The distinction between a mere promise or representation, which renders the person making it liable in damages, but which does not prevent the taking effect of the contract or deed to the making of which it was the inducement, and a condition, noncompliance with which prevents the instrument from becoming effective, is well settled.

In *Lewiston v. Gagne*, 89 Me. 395, 36 Atl. 629, 56 Am. St. Rep. 432, which was a suit upon a bond of a collector of taxes, one of the sureties signed the bond upon the statement of the principal that one Provost would also sign the bond. According to the statement of the surety, the principal said:

" 'Provost is going to sign.' After he told me that Provost was going to sign, well, says I, 'If Provost signs, I will sign.' I did sign it."

He further stated that the promise Provost would sign was the inducement that caused him to sign the bond. It was held that the surety was liable upon the bond. See, also, *Reed v. McGregor*, 62 Minn. 94, 64 N. W. 88; *McClure v. Colclough*, 5 Ala. 65; *Bramley v. Wilds*, 9 Lea (Tenn.) 674.

In *McClure v. Colclough*, 5 Ala. 65, which appears to have been a suit against the sheriff and his bondsmen for failing to return an execution, the sureties claimed that the bond was void because they signed it under the expectation, with the full understanding, and with assurances from the county judge, who took the bond, that another person would also execute it as surety, and that he was authorized to execute the bond in the name of the third person, when in fact he was not so authorized. It was held that this was not a good defense, because the signature of the third person was not made a condition to the taking effect of the bond.

In *Whitaker v. Richards*, 134 Pa. 191, 19 Atl. 501, 7 L. R. A. 749, 19 Am. St. Rep. 684, which was a suit upon a contractor's bond, the surety signed in the presence of the agent of the owner, and upon his assurance that one McGee would also sign the bond, and would not have signed the bond but for such assurance, but did not make McGee's signature a condition to the taking effect of the bond. It was held that the surety was liable.

The signing not having been upon condition, it makes no difference whether the sheriff had notice of the circumstances under which it was signed or not. The fact that Henry promised to get Rogers to sign would not prevent the bond from becoming effective, although he did not comply with his promise. It may be well doubted, however, that notice to the deputy sheriff was notice to the sheriff. *Board of Education v. Robinson*, 81 Minn. 305, 84 N. W. 105, 83 Am. St. Rep. 374, and cases cited; *Barnes v. Lewis*, 73 N. C. 138, 21 Am. Rep. 461; *Lewis v. Board of Commissioners*, 70 Ga. 486; *Lewiston v. Gagne*, 89 Me. 395, 36 Atl. 629, 56 Am. St. Rep. 432.

The last contention of the plaintiff in error is that the judgment is void for the reason that it was taken in the name of the territory of Oklahoma after the admission of the state into the Union. The suit was brought prior to statehood, and was pending when the state was admitted. The first section of the Schedule to the Constitution of Oklahoma provides:

"No existing rights, actions, suits, proceedings, contracts, or claims shall be affected by the change in the forms of government, but all shall continue as if no change in the forms of government had taken place. And all processes which may have been issued previous to the admission of the state into the Union, under authority of the territory of Oklahoma, or under authority of the laws in force in the Indian Territory, shall be as valid as if issued in the name of the state."

Section 5572, Comp. Laws 1909, provides that:

"In case of any other transfer of interest, the action may continue in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action."

If we consider that the admission of the state of Oklahoma transferred the interest of the territory to the state, still under Schedule, sec. 1, of the Constitution, as well as under section 5572, Comp. Laws 1909, the action could proceed in the name of the territory. Satisfaction of the judgment in favor of the territory would be a bar to any action by the state.

The judgment of the lower court should be affirmed.

By the Court: It is so ordered.