## MITCHELL v. ALTUS STATE BANK.

No. 1611.   Opinion Filed March 12, 1912.

Rehearing Denied April 9, 1912.

(122 Pac. 666.)

1. **BILLS AND NOTES**—Nonnegotiable Note—Defenses. It is no defense to the maker of a nonnegotiable note that it was signed upon a mere representation or promise that the payee would procure a third person to sign it. The rule, however, as to such a note, is different where at the time of signing it is understood that the note was not to become a completed or binding obligation until signed by another, nor to be delivered until so signed.

2. **APPEAL AND ERROR**—Harmless Error—Instructions. Where it appears from the evidence that a verdict is so clearly right that, had it been different, the court should have set it aside, such verdict will not be disturbed merely for the reason that there is error found in the instructions.

(Syllabus by Sharp, C.)

*Error from Jackson County Court;*
*M. L. Hankins, Special Judge.*

Action by the Altus State Bank against William Mitchell and R. L. James. Judgment for plaintiff, and defendant Mitchell appeals. Affirmed.

*S. B. Garrett* and *T. M. Robinson,* for plaintiff in error.

*Johnson, Morrill & Riegel,* for defendant in error.

Opinion by SHARP, C. The note sued on was made payable to J. E. Fowler and R. L. James, and by them indorsed to the Altus National Bank, which was afterwards succeeded

by the defendant in error, Altus State Bank. The note was made at Altus, Okla., February 2, 1907, and was payable at the Altus National Bank, and provided for the payment of an attorney's fee of ten per cent. in addition to the amount of the note, if placed in the hands of an attorney for collection, and is therefore a nonnegotiable instrument. *Cotton v. John Deere Plow Co.,* 14 Okla. 605, 78 Pac. 321; *Clevinger v. Lewis,* 20 Okla. 837, 95 Pac. 230, 16 L. R. A. (N. S.) 410, 16 Ann. Cas. 56; *Clowers et al. v. Snowden et al.,* 21 Okla. 476, 96 Pac. 596.

Defendant, Mitchell, in his answer admitted the execution of the note sued on, but charged that the same was not intended to be executed by him alone, and was not to be delivered until signed by W. Z. Mitchell, and that said note was not to be deemed binding on said defendant, and the execution thereof was not to be completed until so signed, and that said W. Z. Mitchell never at any time signed said note; that all of the foregoing facts were well known to the Altus National Bank, the purchaser of said note from the payees, J. E. Fowler and R. L. James.

Among other instructions contained in the court's charge, to which plaintiff in error excepted and assigned as error, are the following:

"(4) You are further instructed that the terms of a written contract cannot be varied, changed, or altered by parol testimony, unless there is an allegation on the part of the party seeking to establish the change or alteration that the said written instrument was procured and signed through fraud or deception, or by a mutual mistake of both parties when the said instrument in question was executed.

"(5) You are further instructed that a written contract is evidence of itself, and the terms therein expressed supersede and take precedent of any oral agreement that may have taken place at any time prior to the execution of the said written instrument, and is conclusive evidence of its own terms at the time that the same was executed, unless the same is attacked upon the ground of fraud, deception, undue influence, or mutual mistake of the parties at the time of the execution of said contract.

"(6) You are therefore instructed that if you find from the testimony that in the execution of said note in question there was neither fraud nor deception nor undue influence, nor a mutual mistake of both parties, as to whom this note should be made payable, or as to whether or not the defendant in this case should be principal or surety, then and in that event you must find for the plaintiff according to the stipulations in the face of said note, but if you find from the evidence adduced that there was fraud or deception or undue influence, or that both plaintiff and defendant were mistaken as to who this note should be made in favor of, or as to what purpose the defendant should sign the same, whether as principal or as surety, then and in that event the burden of proof as to this proposition rests upon the defendant, to be proven by a preponderance of the testimony, and, in that event, you should find that such fraud, deception, undue influence, or mutual mistake did exist, and has been proven to your satisfaction, then and in that event you must find in favor of the defendant."

The giving of these instructions constituted error, and is predicated evidently upon the erroneous theory that the evidence offered for the purpose of proving the statements or representations made at the time the note was executed tended to contradict the terms of the note, and to vary its legal import. Such is not the case. It was competent for defendant to show that the note was never rightfully delivered to the payees as a present contract; that it was not unconditionally binding upon the defendant, according to its terms, from the time that it was signed and left with the agent of the payees, but that, instead, it was left in the hands of Le Master to become an absolute obligation of the maker in the event that it was also signed by W. Z. Mitchell; and that it was upon this contingency alone to become a binding and enforceable obligation. Had there been testimony tending to show that the note was signed by William Mitchell conditionally, and that the same was not to be delivered unless signed by his son, W. Z. Mitchell, such evidence would have been competent. As was said in *Hurt v. Ford* (Mo.) 36 S. W. 671:

"This proposition does not infringe upon the valuable and general rule that protects writings from change by oral evidence,

It is not even an exception to that rule. Unt'l delivery is complete, the writing does not become operative as a contract between the parties."

In *Burke v. Dulaney et al., Ex'rs,* 153 U. S. 228, 14 Sup. Ct. 816, 38 L. Ed. 698, it is said:

"The rule that excludes parol evidence in contradiction of a written agreement presupposes the existence in fact of such agreement at the time suit is brought. But the rule has no application if the writing was not delivered as a present contract."

*Ware v. Allen,* 28 U. S. 591, 9 Sup. Ct. 174, 32 L. Ed. 563.

But were the allegations of the answer in this respect borne out by the testimony? We have read the entire record with care, and fail to find any testimony tending to show that plaintiff in error signed the note conditionally, or that it was not to be delivered unless signed by W. Z. Mitchell.

It does appear from the testimony of defendant that at the time plaintiff in error signed the note Le Master, representing the payees, Fowler and James, said that the note would look better with defendant's signature to it, and that he; Le Master, would get W. Z. Mitchell to sign it when he came back. This is as far as the testimony goes, and is not sufficient to relieve defendant, Mitchell, from liability thereon. As was said in *Sellers et al. v. Territory of Oklahoma, ante,* 121 Pac. 228:

"It is no defense to the surety, however, that he signs upon a mere representation or promise that a third person will sign it before it is delivered"—citing numerous cases.

The rule would be different if the testimony bore out the allegations contained in the answer, as where a person becomes surety on a promissory note upon a condition that the note will not become effective until signed by some other person. As announced by this court in *W. J. Lemp Brewing Co. v. Secor,* 21 Okla. 537, 96 Pac. 636, where it was said:

"The unbroken line of authority is that if each one of these sureties signed this obligation with the understanding with plaintiff's agent that it was neither to be a completed obligation until certain other designated solvent sureties signed it, nor was it to be delivered until so signed, and that, without securing the signa-

tures of such sureties, such obligation was transmitted to plaintiff, such obligation is void."

In addition to the numerous cases cited in that opinion, in support of the rule announced, see *Knight v. Hurlbut,* 74 Ill. 133; *Belleville Sav. Bank v. Bornman,* 124 Ill. 200, 16 N. E. 210: *Coffman v. Wilson,* 59 Ky. 542; *Bivins v. Helsley,* 61 Ky. 78; *Perry v. Patterson,* 24 Tenn. 133, 42 Am. Dec. 424; *Majors v. McNeilley,* 7 Heisk. (Tenn.) 294; *City of Seattle v. Griffith Realty & Bank Co.,* 28 Wash. 605, 68 Pac. 1036; *Goodyear Dental Vulcanite Co. v. Bacon,* 151 Mass. 460, 24 N. E. 404, 8 L. R. A. 486; *Bank of Benson v. Jones,* 147 N. C. 419, 61 S. E. 193, 16 L. R. A. (N. S.) 343; *Cowan et al. v. Baird,* 77 N. C. 202; *Williams v. Luther,* 17 Ky. Law Rep. 311, 30 S. W. 199; *Daniels et al. v. Gower,* 54 Iowa, 319, 2 N. W. 424, 6 N. W. 525. While, as stated, the answer tendered this issue, there was no testimony introduced or offered in its support, and the testimony introduced tending to show the circumstances under which defendant signed the $300 note fails to show that it was not to become effective or delivered save upon the condition that it was signed by W. Z. Mitchell.

Therefore, while the giving of the instruction was erroneous, it is, apparent from the whole testimony that the verdict of the jury is correct on the merits, and that the error committed by the trial court in the giving of instructions numbered 4, 5, and 6 is harmless, as the verdict returned is the only one justified by the evidence, admitting the full truth of all of the defendant's testimony and the rational inferences arising therefrom.

In *Shawnee National Bank v. Wootten & Potts,* 24 Okla. 425, 103 Pac. 714, it was said by this court:

"The verdict of the jury under the uncontradicted evidence in favor of plaintiffs was correct, and, in fact, the only one to which it would have been justified in coming. Hence the judgment rendered thereon must of necessity be sustained. This being true, it will not be necessary for us to examine or discuss the instructions given, for, be they right or wrong, the verdict under all of the evidence is right"

—citing numerous cases. Brickwood Sackett's Instructions, sec. 190; Hughes on Instructions, sec. 243; 38 Cyc. p. 1813, and authorities cited in note.

Nor do we think that it was error to give instructions numbered 7 and 9. The question of a want of consideration was raised by the answer, and there was testimony offered in support thereof, and the instructions complained of fairly submitted to the jury what their verdict should be in the event that they found from the evidence that no consideration ever existed for the giving of the note. The instruction was favorable to defendant, and could not have prejudiced him in any way.

Nor do we think that the failure to give the defendant's requested instructions constituted reversible error. The note was subject to any defense which the maker thereof might have had against the payee, not only on account of its being a nonnegotiable instrument, but from the further fact that notice of the conditions under which the note was signed was brought directly home to the payees at the time of its execution. The defendants simply failed to make out a defense good as against the payees. Counsel for plaintiff in error present no argument in support of the contention that it was error to refuse requested instruction No. 2, and for that reason, under the rules of this court, the same will be deemed to have been waived.

As to the refusal to give the requested instruction No. 3, we have already shown that there was no evidence offered that the note was not to be delivered until signed by W. Z. Mitchell. Hence the court rightfully refused to give said instruction.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.