## HAYES *et al.* v. STATE EXCHANGE BANK.

No. 5602. Opinion Filed December 14, 1915.

(153 Pac. 1112.)

BILLS AND NOTES—Action on Note—Accommodation Indorser—Notice of Conditions—Sufficiency of Evidence. The plaintiff sued B. and H. to recover on a promissory note. Plaintiff introduced the note in evidence and rested. At conclusion of defendants' evidence, the court sustained a demurrer thereto and gave judgment for plaintiff. Defendants B. and R., as principals, and H., as accommodation indorser, were indebted to plaintiff on a note of prior date. The note having fallen due, B. went to H. for the purpose of renewing the paper. H. indorsed the note (on the back), but instructed B. not to turn it over to plaintiff until it was signed by R., and gave it to B. to take to R. for his signature. B. on the same day took the note to plaintiff and gave it to its managing officer, telling him H. wanted R.'s indorsement on the note, and the managing officer remarked that it did not make any difference to him whether R. signed it or not. R. did not sign. H. denies liability. **Held,** the facts and circumstances were sufficient to put plaintiff on notice of the instruction given by H. to B. at the time

he indorsed and delivered the note to him for the purpose of getting R.'s indorsement, under which facts it was error to sustain a demurrer to the evidence and give judgment for plaintiff.

(Syllabus by Watts, C.)

*Error from Superior Court, Oklahoma County; Edward Dewes Oldfield, Judge.*

Action by the State Exchange Bank against W. N. Hayes and another. Judgment for plaintiff, and defendants bring error. Reversed and remanded for new trial.

*McAdams & Haskell,* for plaintiffs in error.

*G. A. Paul,* for defendant in error.

Opinion by WATTS, C. The State Exchange Bank sued R. O. Brewer and W. N. Hayes to recover on a promissory note in the superior court of Oklahoma county, where the case was tried to the court. Plaintiff introduced the note in evidence and rested, and at conclusion of defendants' evidence the court sustained a demurrer thereto and gave judgment for plaintiff. Defendant Hayes brings error.

The record discloses that on July 19, 1912, defendant Brewer and John R. Rose, as principals, and Hayes, as an accommodation indorser, were indebted to plaintiff, evidenced by promissory note of prior date; that on July 19, 1912, the note having fallen due, Brewer went to Hayes for the purpose of renewing the paper. Hayes indorsed the note (on the back), but instructed Brewer not to turn it over to the plaintiff until it was signed by Rose, and gave it to Brewer to take to Rose for his indorsement. Brewer on the same date took the note to the bank and gave it to Mr. Cockrell, vice president and managing officer, telling him Hayes wanted Rose's indorsement on the note, and he (Brewer) would have

Rose come in and sign the note, and Cockrell remarked that it did not make any difference to him whether Mr. Rose signed it or not. Rose did not sign the note, and on this state of facts Hayes denies liability. We will add that Hayes tendered the above state of facts, most of which were objected to by plaintiff and excluded by the court, but we will treat the evidence as if the court had admitted it and sustained a demurrer thereto.

Counsel for the bank discuss the proposition in the light that the bank was the only party having a right to fix conditions, and, as the paper in the form mentioned was acceptable to it, Hayes cannot be heard to complain; but this position is unsound. Hayes was a party to the proposed contract and could name conditions on which he was willing to so continue, which the bank could accept or decline, but could not hold the note as valid if it had notice and disregarded Hayes' instructions. To so construe would do violence to mutuality of contracts.

There is no question but what Hayes had a right to and did fix conditions on which he would sign the note; that is, he would indorse provided Rose's signature was gotten before delivery. The note was signed and delivered to Brewer with that understanding, and by his acceptance he at least acquiesced therein.

We think the case turns on the point as to whether the plaintiff had knowledge of, or the facts and circumstances were sufficient to put it on notice of, the instructions given by Hayes to Brewer at the time Hayes indorsed and delivered the note to Brewer for the purpose of getting Rose's indorsement before the delivery of the note.

Rev. Laws 1910 defines "notice" as follows:

"Sec. 2924. Actual notice consists in express information of a fact.

"Sec. 2925. Constructive notice is notice imputed by the law to a person not having actual notice.

"Sec. 2926. Every person who has actual notice of circumstances sufficient to put a prudent man upon inquiry as to a particular fact, and who omits to make such inquiry with reasonable diligence, is deemed to have constructive notice of the fact itself."

Neither is there any doubt in our mind but that the facts and circumstances were sufficient to put the bank on notice. Brewer's statement to Mr. Cockrell that Hayes wanted Rose's indorsement and he would have Rose come in and sign the note were not idle, unmeaning words, nor intended as an offer precedent to acceptance, but under the facts in the case, and in the ordinary course of affairs, were sufficient to advise the bank that, as Rose was on existing paper, Hayes again demanded his signature before the delivery of the renewal paper. Brewer's final statement that he would have Rose come in and sign would, at least, suggest an unfinished condition of the paper with a promise of completion, and not a final delivery thereof, in the sense the note had become fully executed. Especially do we feel convinced of our position, because bankers as a rule are men of intelligence, and know that business men release joint obligors and assume greater liability only in very exceptional instances. The position of Hayes' name on the paper does not indicate that he was willing to assume all hazard, but only such as might befall an indorser.

The authorities cited by the plaintiff in error *(Lemp Brewing Co. v. Secor,* 21 Okla. 537, 96 Pac. 636; *Jones v. Citizens State Bank,* 39 Okla. 393, 135 Pac. 373; *Benton*

*County Savings Bank v. Boddicker*, 105 Iowa, 548, 75 N. W. 632, 45 L. R. A. 321, 67 Am. St. Rep. 310; *Mitchell v. Altus State Bank*, 32 Okla. 628, 122 Pac. 666) are not on all fours in point of fact, so to speak, but substantially announce the doctrine that if a condition existed at the time Hayes indorsed the note, whereby it was not to be delivered to the bank until signed or indorsed by Rose, and the bank had knowledge of such facts as would cause a person of reasonable prudence to investigate, it cannot recover.

Counsel for defendant in error relies upon *Sellers et al. v. Territory*, 32 Okla. 147, 121 Pac. 228, and authorities cited therein. We have examined the Sellers Case and several of the citations therein, which go to the point that if the plaintiff did not have notice, or knowledge of such facts as would put it on notice, defendant Hayes would be liable; also, that it is no defense to the surety, however, that he signs a statement upon mere representation or promise that a third person will sign before delivery, but the case at bar presents more than a statement or representation, as herein pointed out.

In *Benton County Savings Bank v. Boddicker et al.*, 117 Iowa, 407, 90 N. W. 822, which appears to be a second appeal (see first, 105 Iowa, 548, 75 N. W. 632, 45 L. R. A. 321, 67 Am. St. Rep. 310), the facts are very similar to the case at bar, and we think fully sustain our position. The syllabus is as follows:

"In an action by a bank against two sureties on a bond, it appeared that defendants signed on conditions that three other sureties would sign before delivery. Plaintiff's cashier testified that he received the bond from defendants' principal with defendants' signatures thereon, and without notice of any conditions, but admitted that

when the bond was prepared the principal spoke of five sureties, including defendants, who would probably sign the bond, and that, when the bond was returned by the principal with only defendants' signatures thereon, he, the cashier, asked him if he could not get more, but that he finally said he 'thought it would do as it was.' The cashier also admitted that one of the defendants told him before the bond was delivered that he had signed it, but would not be on it alone; but defendant testified that he had told the cashier he had signed on the express condition that the four others would sign. *Held,* that the evidence was sufficient to sustain a finding that plaintiff had such notice as to the defendant who testified that he notified the cashier of the condition on which he signed.

"As to the other defendant, the evidence was sufficient to show that plaintiff had such notice of the facts at the time of receiving the bond as would have led a reasonably prudent person to investigate as to whether its delivery was authorized."

Therefore, for the reasons mentioned, the judgment of the trial court should be reversed, and new trial granted, and we so recommend.

By the Court: It is so ordered.