Belorodker Loan & Investment Company, Appellant, v. Joe Goldenberg, Appellee.

Opinion filed June 5, 1929.

E. P. ROSENBERGER and FELSEN & KANE, for appellant.

LOUIS BEASLEY and EDWARD C. ZULLEY, for appellee.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

On August 4, 1926, Gus Tzinberg borrowed $3,000 from appellant and the note was signed by appellee and others as sureties. It was to be paid in weekly payments of $60. On February 21, 1927, there was still due on the note the sum of $2,040. At that time Gus Tzinberg had filed, or was about to file, a petition in voluntary bankruptcy. Appellee and two other sureties executed and delivered to appellant a new note for $2,040 payable in weekly instalments of $20. Appellant issued its check for that amount payable to the makers of the new note and the same was indorsed by them. At the same time the said parties signed a written request to appellant as follows: ''The undersigned co-makers with Gus Tzinberg of a promissory note originally in the sum of $3,000.00, and on which there is now due you a balance of $2,040.00, hereby request that you accept the offer of composition made in bankruptcy by the said Gustave Tzinberg, to wit, 25% in cash of the amount due, and hereby further request that you file your claim in bankruptcy and also execute any papers necessary to evidence your acceptance of said offer of composition. It is understood that by doing so you are not waiving any right of claim against any or all of us.'' Payments to the amount of $160 were made on the new note and appellant received $477.38 from the trustee in bankruptcy on the original note. This suit was brought to collect the balance due. The first count of the declaration is upon the note for $2,040. The second count is a consolidation of the common counts. Appellee filed the general issue and

four special pleas and the trial resulted in a verdict and judgment in favor of appellee for $198.

The first special plea purports to be a plea of set-off and avers that appellee signed the $2,040 note as a surety; that at the time he signed the same appellant's president promised and represented that he would obtain the signatures of Gus Tzinberg and six other sureties, which he failed to do; that without appellee's knowledge of such failure appellant falsely and fraudulently told appellee that the note in question had been paid by his cosureties except the sum of $198, and that if appellee would pay that amount to appellant his liability as surety would be entirely terminated; that said representations were false and were known to be false at the time they were made and that they were made with the intent of defrauding appellee; that appellee, not knowing of the falsity of said statements, paid the said sum of $198 to appellant and by reason of the premises is entitled to recover the same, etc.

We cannot understand how appellee could be entitled to recover $198. He had signed both of the notes. This plea avers that the alleged representations to the effect that the $2,040 note had been paid except $198 were false and untrue. In that event, or in any event, appellee in paying the $198 simply paid a part of the amount for which he was indebted to appellant. We find no evidence in the record that even tends to sustain the plea of set-off.

The second special plea avers that appellee signed the $2,040 note as a surety for Gus Tzinberg; that appellant's president then and there promised and represented that he would obtain the signatures of Tzinberg and six other sureties to the said note; that the said representations were false and untrue and were made for the sole purpose of deceiving appellee and fraudulently procuring his signature to the said note; that appellee, not knowing of the falsity of said representa-

tions, signed the said note and appellant failed to procure the signatures of the said Tzinberg and the other six sureties, etc.

The plea does not aver, nor does the evidence show, that appellee signed the note on condition that it was not to be binding upon him until it was signed by Tzinberg and six other sureties. Even if he had signed the note on such a condition, and the condition was not complied with, his liability on the $3,000 note would remain in full force and effect. *Bank of Benson v. Jones,* 147 N. C. 419, 61 S. E. 193. The $3,000 note was offered in evidence and was admissible under the common counts.

The third special plea is a plea of want of consideration. It avers that the $2,040 note was supposed to be executed in consideration of the $3,000 note; that appellant never surrendered the $3,000 note but filed it as a claim against the estate of the principal, Gus Tzinberg, in the bankruptcy court and collected dividends thereon, etc. We have already shown that appellee requested appellant to file the claim in bankruptcy and that he had agreed that the filing thereof should not operate as a waiver of appellant's rights against him.

The fourth special plea is to the effect that the $3,000 note was the sole consideration for the $2,040 note; that appellee signed the $3,000 note as a surety for Gus Tzinberg; that at the time of the execution of that note and just prior thereto, Tzinberg was financially insolvent and was contemplating the filing of a voluntary petition in bankruptcy; that this fact was well known to appellant's president; that plaintiff entered into a fraudulent agreement with Tzinberg whereby it agreed to loan to Tzinberg the sum of $3,000 on condition that out of said sum Tzinberg would pay to appellant and its officers the sum of $700, provided Tzinberg would procure appellee as a surety on said $3,000 note; that appellee had no knowledge of

said fraudulent agreement and had no knowledge of Tzinberg's insolvency or contemplated bankruptcy, and innocently attached his signature to the said $3,000 note. The evidence wholly fails to support this plea. The undisputed evidence shows that on the day the $3,000 loan was made Tzinberg gave his personal check to appellant's president for $700 and on the same day the latter gave his check to Tzinberg for the same amount. It was simply an exchange of checks and Tzinberg's finances were in no way reduced thereby.

Appellant offered to prove certain matters by the witness Grand, to which appellee objected and the objection was sustained. It also offered in evidence the written request signed by appellee and the other makers of the note in which appellant was asked to accept the offer of composition in bankruptcy made by Gus Tzinberg and to file its claim in bankruptcy, etc., hereinabove quoted. Appellee objected, and the objection was sustained. We are of the opinion that the court erred in its rulings in regard to both of those matters. The testimony offered would tend strongly to show that appellee and two of the other sureties on the $3,000 note had agreed to take up that note by executing and delivering to appellant their own note for $2,040. The written request would show that appellee had asked that the $3,000 note be filed as a claim in the bankruptcy court and would have disproved appellee's third special plea. When competent evidence is offered and an objection thereto is sustained, a court of review will consider the case the same as if the evidence had been admitted.

Appellee failed to prove that he signed the $2,040 note on condition that he should not be liable thereon until appellant procured the signature of Gus Tzinberg and six other sureties. But even if he had made such proof, that would not relieve him from liability on the $3,000 note. Under the law and the evidence

appellee has no defense. The judgment is reversed and the clerk will enter judgment herein in favor of appellant and against appellee for the sum of $1,402.62, and costs of suit in this court. The appellee will also pay the costs in the trial court.

*Reversed and judgment rendered in this court.*

The clerk will incorporate in the judgment the following: "The court finds that appellant is in no way indebted to appellee and that appellee has no claim of set-off. The court finds that appellee is indebted to appellant in the sum of $1,402.62 and that appellee has no defense thereto."